GLENN N. BIGNESS, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 3845

November 16, 1955.                    289 P.2d 1051.

*Morgan Anglim,* of Reno, for Appellant.

*Harvey Dickerson,* Attorney General, and *A. D. Jensen,* District Attorney, Washoe County, for Respondent.

## OPINION

By the Court, MERRILL, C. J.:

In 1937 appellant was arrested in Reno, charged with burglary. He waived preliminary hearing, pleaded guilty to the charge, was sentenced, confined in the state prison and through service of sentence has executed and discharged all penal obligation to this state.

He has continued to offend society, however. When these proceedings were initiated he was confined in New York state. By virtue of prior offenses, including the Nevada burglary, his New York status was that of multiple offender. With an eye to relief from this status, 16 years after the Nevada sentence, these proceedings were brought to have his conviction set aside as unlawfully imposed and void. The time for appeal has long since expired. Habeas corpus is not available to him in this state since he is not confined here. This court has already refused certiorari to review the conviction proceedings. 70 Nev. 64, 254 P.2d 447. Appellant *in propria persona* has now applied directly to the sentencing trial court for a determination that the judgment was null and void and for an order vacating and setting it aside. His petition having been denied he has taken this appeal from the trial court's action and counsel has been assigned to represent him before this court.

Appellant contends that he was neither represented by counsel at the time of arraignment nor did he competently and intelligently waive his right to be so represented; that the court's jurisdiction to proceed to

conviction and sentence accordingly was lost. Johnson v. Zerbst, 304 U.S. 458, 82 L.Ed. 1461, 58 S.Ct. 1019. The issue upon the merits of this contention is whether appellant competently and intelligently waived his right to counsel. Upon this issue the burden rests upon appellant, Johnson v. Zerbst, supra, and under the circumstances of this case it can hardly be said that the burden has clearly been met. In response to inquiry by the court he expressly rejected counsel. It also appears, however, that during the reported proceedings the nature of his right to counsel was not fully explained to him by the court.

We do not reach the merits of this contention, however. Our problem is a procedural one. Our statutes make no provision for proceedings such as this after such a lapse of time as has occurred here. Appellant in the court below proceeded in this matter by application for a common law writ of error *coram nobis*. Upon this appeal the state contends that that writ is not now available in this state. Even if it were, however, appellant before this court concedes that the writ as known to the common law is not appropriate to the circumstances of this case since the facts upon which he bases his contention that his conviction was void are a matter of public record and the question is one of law rather than of newly discovered fact. The order of the trial court from which this appeal is taken was as follows: "That the petition of the defendant, Glenn N. Bigness, for a writ of error, coram nobis, be and the same hereby is in all respects denied." In the light of appellant's concession, this order can hardly be regarded as error.

Appellant's principal contention upon this appeal is that if the trial court be affirmed, he is without remedy in this state to set aside the judgment of conviction; that it is incumbent upon every state to "provide corrective judicial process" to remedy the wrong from which he suffers. Mooney v. Holohan, 294 U.S. 103, 79

L.Ed. 791, 55 S.Ct. 340. He implies that it is the duty of this court to provide such remedy—and in this proceeding.

It cannot be said that this state has failed to provide corrective judicial process for post conviction review. As in Mooney v. Holohan, the remedy of habeas corpus was available to appellant at all times during his confinement in this state. The most that can be said is that this state may have failed to provide corrective judicial process for post execution review or for a review at this late date under the highly unusual circumstances which here exist. Such lack of remedy, (if indeed there be such lack), can hardly be said to deprive appellant of due process. If he is without remedy that fact can be attributed wholly to his own complete indifference: his failure for 16 years to act in ascertainment and assertion of his rights. See Harvey v. United States, 94 U.S. App.D.C. 303, 215 Fed.2d 330; People v. Vernon, 9 Cal. App.2d 138, 49 P.2d 326. Under the circumstances, we must reject appellant's contention that due process demands that we discover or legislate some procedure through which the questionable merits of his contention can now be considered.

Affirmed.

BADT and EATHER, JJ., concur.