**129 Nev., Advance Opinion 75**

## IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| WALTER TRUJILLO,<br>Appellant,<br>vs.<br>THE STATE OF NEVADA,<br>Respondent. | No. 58937<br><br>**FILED**<br><br>OCT 1 0 2013 |



Appeal from an order of the district court denying a petition for a writ of *coram nobis*. Eighth Judicial District Court, Clark County; Linda Marie Bell, Judge.

*Affirmed.*

Michael H. Schwarz, Las Vegas,
for Appellant.

Catherine Cortez Masto, Attorney General, Carson City; Steven B. Wolfson, District Attorney, and Steven S. Owens, Chief Deputy District Attorney, Clark County,
for Respondent.

BEFORE GIBBONS, DOUGLAS and SAITTA, JJ.

*OPINION*

By the Court, DOUGLAS, J.:

Appellant Walter Trujillo was convicted of a felony in 1996 and was honorably discharged from probation the following year. More than a decade later, he filed a petition for a writ of *coram nobis* in district court seeking relief from the judgment of conviction because he was not informed by his trial counsel of the immigration consequences of his plea.

13-30236

At issue is whether the common-law writ of *coram nobis* may be used in Nevada. We hold that the common-law writ of *coram nobis* is available under Article 6, Section 6(1) of the Nevada Constitution, which grants district courts the power to issue writs that are proper and necessary to the complete exercise of their jurisdiction, and NRS 1.030, which continues the common law under some circumstances. But we further hold that, consistent with NRS 34.724(2)(b) and the exclusive remedy created by the Legislature for post-conviction challenges to a judgment of conviction, the writ may only be used by a person who is no longer in custody on the judgment of conviction being challenged. And to be consistent with NRS 1.030, we further hold that the writ is limited to the scope of the common-law writ and therefore may be used only to challenge errors of fact outside the record that could not have been raised earlier and that affect the validity and regularity of the decision itself and would have precluded the judgment from being rendered. Because the ineffective-assistance-of-counsel claim raised by Trujillo is not within that limited scope, we affirm the decision of the district court to deny the petition for a writ of *coram nobis*.

## FACTS AND PROCEDURAL HISTORY

On April 12, 1996, Trujillo, a citizen of Venezuela, was convicted of attempted burglary and sentenced to serve a term of 12 to 30 months in prison. The sentence was suspended, and a period of probation not to exceed 2 years was imposed. Trujillo did not appeal his conviction and never sought post-conviction relief from his conviction. He honorably discharged probation on December 31, 1997.

The conviction had immediate deportation consequences for Trujillo. Shortly after sentencing, he was taken into federal custody, and a federal judge ordered him deported to Venezuela. Trujillo successfully

challenged the deportation order and was issued a green card and given permanent-resident status. He took no further action regarding citizenship until 2010.

Learning in 2010 that he could not become a United States citizen because of his 1996 conviction, Trujillo filed a petition for a writ of *coram nobis* attacking the validity of his conviction. In the petition, Trujillo claimed that his trial counsel was ineffective for failing to advise him of the immigration consequences of his conviction, contrary to *Padilla v. Kentucky*, 559 U.S. ___, 130 S. Ct. 1473 (2010). Trujillo asserted that a petition for a writ of *coram nobis* was the only available remedy to challenge his 1996 conviction.

The State argued that the writ of *coram nobis* was abolished by NRS 34.724(2)(b), which provides that a post-conviction petition for a writ of habeas corpus is the exclusive remedy for challenging a judgment of conviction. Responding to that argument, Trujillo argued that the legislative history for NRS Chapter 34 does not indicate that a petition for a writ of *coram nobis* was one of the common-law remedies replaced by a habeas corpus petition under NRS 34.724(2)(b). Trujillo asserted that the provision was only intended to eliminate the post-conviction relief petition under NRS Chapter 177.[1]

The district court construed the petition for a writ of *coram nobis* to be a post-conviction petition for a writ of habeas corpus, determining that a common-law petition for a writ of *coram nobis* was not available because the writ was superseded by the exclusive-remedy

---

[1]The history of post-conviction relief in Nevada is set forth in detail in *Pellegrini v. State*, 117 Nev. 860, 870-73, 34 P.3d 519, 526-28 (2001).

language in NRS 34.724(2)(b) and because the claim raised by Trujillo was a legal claim that exceeded the scope of the common-law writ. Deciding that the petition was timely filed from the decision in *Padilla* and that *Padilla* applied retroactively, the district court nonetheless denied relief because Trujillo had not demonstrated that counsel's failure to inform him of the immigration consequences prejudiced him as he was an undocumented, illegal immigrant.

## DISCUSSION

Preliminarily, we conclude that the district court incorrectly treated the petition as a post-conviction petition for a writ of habeas corpus because Trujillo was not in custody at the time he filed his petition. Nev. Const. art. 6, § 6(1); NRS 34.724(1); *Jackson v. State*, 115 Nev. 21, 23, 973 P.2d 241, 242 (1999). As a result, the question this court is then tasked to answer is whether the writ of *coram nobis* exists in Nevada. To answer that question, we must address two interrelated issues: the sources of authority to recognize the writ and the scope of the writ. To set the stage, we briefly examine the history of the writ.

*Historical overview of coram nobis*

The writ of *coram nobis* is an ancient writ that developed in sixteenth century England. Judge Stanley H. Fuld, *The Writ of Error Coram nobis*, 117 N.Y.L.J. Nos. 130-132, at 2212, 2230, 2248 (1947); James MacPherson, Comment, *Coram nobis: "The Wild Ass of the Law,"* 11 Loy. L. Rev. 100, 101 (1961-62); Richard B. Amandes, *Coram nobis—Panacea or Carcinoma*, 7 Hastings L.J. 48, 49 (1955-56). At the time, errors of law could be raised to Parliament and the Exchequer, but errors of fact were excluded from their review. Fuld, *supra*. The writ of *coram nobis* was devised as a means of reviewing errors of fact outside the record that affected the validity and regularity of the decision itself and would

have precluded the judgment from being rendered had they been known. *Id.* The ancient writ, *quae coram nobis residant* ("let the record and proceedings remain before us"), was directed to the Court of the King's Bench and was issued in the King's name.[2] *Id.* The writ was sought before the same court that had entered the judgment and could only be used to address an error of fact not known to the court and not negligently concealed by the defendant. Amandes, *supra*, at 49. Some examples of the kinds of errors of fact that were reviewed through a writ of *coram nobis* include clerical errors, the infancy of the defendant and nonrepresentation by a guardian, the common-law disability of coverture (the married woman's disability to appear on her own in court), the death of a party before the verdict, the insanity of the defendant at the time of trial, a guilty plea procured by extrinsic fraud, and a valid defense that was not made because of fraud, duress, or excusable neglect. *See People v. Hyung Joon Kim*, 202 P.3d 436, 445-47 (Cal. 2009); *see also* Fuld, *supra*; Amandes, *supra*, at 49. The writ of *coram nobis* was rarely used, and by the time of Blackstone, it was considered to be obsolete. Fuld, *supra*.

In America, the writ developed slowly. It was acknowledged as early as 1834 when the United States Supreme Court recognized that its counterpart, the writ of *coram vobis*, might be available in state court to challenge an error of fact relating to a defendant's immunity from suit. *Davis v. Packard*, 33 U.S. (8 Pet.) 312, 324 (1834). Despite this early acknowledgment, over the next century, the writ of *coram nobis*, at least

---

[2]Contrast the writ of *coram vobis* ("before you"), which was directed to the Court of Common Pleas. Fuld, *supra*. When the writ arrived in America it generally retained the name of *coram nobis*, the writ brought before the Court of the King's Bench.

federally, remained a rather archaic vehicle for relief; it was acknowledged as a common-law writ but was not utilized by the courts. *See Bronson v. Schulten*, 104 U.S. 410, 416-17 (1881) (recognizing the availability of the writ at common law but questioning its modern availability and determining that the court did not have the power to set aside, vacate, and modify a final judgment after the end of the term during which the judgment was rendered); *United States v. Mayer*, 235 U.S. 55, 68-69 (1914) (recognizing the availability of *coram nobis* at common law, but expressing no opinion as to whether *coram nobis* existed because the errors complained of, prosecutorial misconduct and juror bias, would not have been the type of errors reviewable under the common law).

This quiet period ended in 1954 when the United States Supreme Court reinvigorated the writ of *coram nobis* in the seminal case *United States v. Morgan*, 346 U.S. 502 (1954). Morgan sought to challenge a federal conviction that was being used to enhance a subsequent state conviction on the ground that he was denied the right to counsel in the federal proceeding. 346 U.S. at 503-04. The Supreme Court determined that a motion in the nature of *coram nobis* could be sought in a criminal case based on the all-writs language in 28 U.S.C § 1651. *Id.* at 505-11. 28 U.S.C. § 1651(a), then and now, provides that the federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." Without any analysis as to how the writ of *coram nobis* was necessary and appropriate to the jurisdiction of the courts, the *Morgan* majority appeared to indicate that its usage was agreeable based on the writ's common-law history and its use in the various states and circuits. *Id.* at 507-10. While the Court acknowledged that at common law the writ was

SUPREME COURT OF NEVADA

(O) 1947A

limited to errors of fact, the Court observed that the writ had been used more broadly in various states and lower courts. *Id.* at 507-08. The Court explained that, to achieve justice, a motion in the nature of *coram nobis* would be available to correct errors of the most fundamental character under circumstances where no other remedy was available and sound reasons existed for failure to seek relief earlier. *Id.* at 511-12. In a breathtaking expansion of the common-law writ, the *Morgan* Court indicated that a motion in the nature of *coram nobis* was of the same general character as a motion under 28 U.S.C. § 2255—meaning it would be available to correct violations of the Constitution and laws of the United States. *Id.* at 505 n.4. This expanded version of *coram nobis* is followed today in the federal courts for persons challenging a federal conviction.[3] *See, e.g., Chaidez v. United States*, 568 U.S. \_\_\_, 133 S. Ct. 1103 (2013); *United States v. Denedo*, 556 U.S. 904 (2009); *United States v. George*, 676 F.3d 249 (1st Cir. 2012); *United States v. Kwan*, 407 F.3d 1005, 1011 (9th Cir. 2005), *abrogated on other grounds by Padilla*, 559 U.S. 356; *Klein v. United States*, 880 F.2d 250 (10th Cir. 1989).

Unlike the uniform recognition of *coram nobis* in the federal courts, *coram nobis* is a rarer creature in state courts. Only 12 states recognize *coram nobis*, and a slim majority of those states follow the common-law definition and limit the writ to claims of factual error.[4] The

---

[3]A federal petition for a writ of *coram nobis* cannot be filed by a person seeking to challenge a state conviction because it is a writ used by a court to correct its own errors, not errors of another jurisdiction. *See Finkelstein v. Spitzer*, 455 F.3d 131, 133-34 (2d Cir. 2006); *Obado v. New Jersey*, 328 F.3d 716, 718 (3d Cir. 2003).

[4]Seven states strictly follow the common-law definition of the writ. *People v. Shipman*, 397 P.2d 993, 995 (Cal. 1965); *State v. Grisgraber*, 439

*continued on next page...*

writ of *coram nobis* is not available in a majority of states because those states have enacted uniform post-conviction acts that provide a streamlined, single remedy for obtaining relief from a judgment of conviction, and that remedy is available to petitioners who are no longer in custody.[5]

---

...*continued*

A.2d 377, 378-79 (Conn. 1981); *State v. Diaz*, 808 N.W.2d 891, 895-96 (Neb. 2012); *Gregory v. Class*, 584 N.W.2d 873, 877 (S.D. 1998); *State v. Sinclair*, 49 A.3d 152, 154-57 (Vt. 2012); *Neighbors v. Commonwealth*, 650 S.E.2d 514, 516-17 (Va. 2007); Va. Code Ann. § 8.01-677 (2007) (*coram vobis*); *Jessen v. State*, 290 N.W.2d 685, 687-88 (Wis. 1980).

The remaining five jurisdictions that recognize the writ fall somewhere on the continuum between the common-law approach and the federal approach. *Skok v. State*, 760 A.2d 647, 654-60 (Md. 2000) (following federal approach); Md. Rules § 15-1201–07 (West 2013); *Smith v. United States,* 20 A.3d 759, 763 (D.C. 2011) (following federal approach); *Grant v. State*, 365 S.W.3d 894, 896 (Ark. 2010) (allowing for four types of claims to be raised: "insanity at the time of trial, a coerced guilty plea, material evidence withheld by the prosecutor, or a third-party confession to the crime during the time between conviction and appeal"); *People v. Bachert*, 509 N.E.2d 318, 319 (N.Y. 1987) (permitting *coram nobis* for claims of ineffective assistance of appellate counsel); Tenn. Code. Ann. § 40-26-105 (2012) (allowing newly-discovered-evidence claims to be raised in *coram nobis*). In West Virginia, the issue of *coram nobis* is still an open question, but if recognized, West Virginia appears to follow the common-law approach. *State ex rel. McCabe v. Seifert*, 640 S.E.2d 142, 147 n.9 (W. Va. 2006).

[5]*See, e.g.*, Ala. R. Crim. P. 32.1; Alaska Stat. § 12.72.010 (2012); Ariz. R. Crim. P. 32.1; Colo. Rev. Stat. § 18-1-410 (2012); Fla. R. Crim. P. 3.850; Haw. R. Penal P. 40(a)(1); Idaho Code Ann. § 19-4901 (Supp. 2013); Ind. R. Post-Conviction P. 1; Iowa Code § 822.2 (West 2003 & Supp. 2013); Me. Rev. Stat. Ann. tit. 15, § 2124 (2003 & Supp. 2012); Mass. R. Crim. P. 30; Mich. Ct. R. 6.502(C)(3); Minn. Stat. Ann. § 590.01 (West 2010); Miss. Code Ann. § 99-39-5 (2007 & Supp. 2012); Mont. Code Ann. § 46-21-101 (2011); N.J. R. Crim. P. 3.22-1 (2013); N.C. Gen. Stat. § 15A-1411 (2009);

*continued on next page...*

Nevada has addressed *coram nobis* only once in any significant fashion in its criminal jurisprudence—*Bigness v. State*, 71 Nev. 309, 289 P.2d 1051 (1955).[6] In *Bigness*, a recidivist criminal filed a petition for a writ of *coram nobis* to challenge a 16-year-old Nevada conviction, which was being used to enhance a sentence in New York, on the ground that he had been deprived of the right to counsel. *Id.* at 310-11, 289 P.2d at 1051-52. In affirming the denial of the petition, this court observed that Nevada statutes did not provide for *coram nobis*, and that even if such a writ were recognized, the petition under consideration admittedly exceeded the scope of the common-law writ by raising a claim of error that was on the record and was an error of law, not fact. *Id.* at 311, 289 P.2d at 1052. The *Bigness* court rejected the argument that the writ must be recognized in order to provide a corrective judicial remedy because another such remedy (habeas corpus) was available during the

---

*...continued*
N.D. Cent. Code § 29-32.1-01 (2006); Ohio Rev. Code Ann. § 2953.21 (LexisNexis 2006); Okla. Stat. tit. 22, § 1080 (West 2003); Or. Rev. Stat. § 138.510 (2011); R.I. Gen. Laws § 10-9.1-1 (2012); S.C. Code Ann. § 17-27-20 (2003); Utah Code Ann. §§ 78B-9-102, -104 (LexisNexis 2012); Wash. R. App. P. 16.4(b).

[6]The only other reference to *coram nobis* in a Nevada criminal case occurred in *Warden v. Peters*, 83 Nev. 298, 429 P.2d 549 (1967). In *Peters*, the court briefly noted that *coram nobis* was available at common law to correct a mistake of fact discovered after the judgment and that some states allowed relief in the nature of *coram nobis* even after the writ had been abolished. *Id.* at 301, 429 P.2d at 551. The writ of *coram nobis* was not used in *Peters* or recognized as a currently available remedy.

The writ of *coram nobis* was abolished in 2005 in civil cases by NRCP 60(b). *See NC-DSH, Inc. v. Garner*, 125 Nev. 647, 650 n.1, 218 P.3d 853, 856 n.1 (2009).

petitioner's period of confinement on the Nevada conviction, and its present unavailability was due to his inattention to his rights. *Id.* at 312, 289 P.2d at 1052.

*The writ is available in Nevada for persons who are not in custody on the conviction being challenged*

While the *Bigness* court correctly observed that no specific Nevada statute addresses the writ of *coram nobis*, the *Bigness* decision ignored two important sources of authority that may sanction use of the writ of *coram nobis* in Nevada: NRS 1.030, which recognizes the applicability of the common law, and the all-writs language in Article 6, Section 6 of the Nevada Constitution.

NRS 1.030 provides that the "common law of England, so far as it is not repugnant to or in conflict with the Constitution and laws of the United States, or the Constitution and laws of this State, shall be the rule of decision in all the courts of this State." Thus, to apply the common law, two requirements must be satisfied under NRS 1.030: (1) that *coram nobis* be a common-law writ, and (2) that *coram nobis* not be repugnant to or in conflict with the Constitution and laws, both federal and state. The first requirement is rather easily met: *coram nobis* certainly was a common-law writ even though it became obsolete in England. The second requirement is more complicated and requires an examination of the United States and Nevada Constitutions and post-conviction laws of the United States and Nevada.

Nothing in the federal system prohibits the recognition of *coram nobis* in Nevada. The United States Constitution makes no mention of *coram nobis* and does not present any obstacle to recognizing *coram nobis* in Nevada. Nothing in federal law prevents a state from recognizing the writ of *coram nobis* in state proceedings. In fact, as

discussed previously, when it comes to challenges to a federal conviction, *coram nobis* has been recognized under the all-writs language of 28 U.S.C. § 1651, which provides federal courts with the power to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." Thus, neither the United States Constitution nor federal laws restrict us from recognizing *coram nobis*.

Turning to Nevada law, whether the writ of *coram nobis* is repugnant to or in conflict with the Nevada Constitution actually leads to the second source of authority for recognizing the writ: Nevada Constitution Article 6, Section 6. Article 6, Section 6 of the Nevada Constitution contains Nevada's version of an all-writs clause:

> The District Courts . . . have power to issue writs of Mandamus, Prohibition, Injunction, Quo-Warranto, Certiorari, and all other writs proper and necessary to the complete exercise of their jurisdiction.

The writ of *coram nobis* is constitutionally authorized, and therefore not repugnant to or in conflict with the constitution, if the writ is proper and necessary to the complete exercise of the jurisdiction of the district courts. When posed a similar question regarding *coram nobis* and the federal all-writs language set forth in 28 U.S.C. § 1651,[7] the United States Supreme Court determined that *coram nobis* was authorized by § 1651 for a person who was not in custody on the conviction being challenged because at common law *coram nobis* was a step in the criminal case. *United States v.*

---

[7]Section 1651 provides that the federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."

*Morgan*, 346 U.S. 502, 505 n.4 (1954). We reach a similar conclusion. In Nevada, original jurisdiction over a criminal case, except as provided by law, is vested in the district courts. Nev. Const. art. 6, § 6; NRS 171.010; *Walker v. State*, 78 Nev. 463, 472, 376 P.2d 137, 141 (1962). And we have previously recognized that the district courts have continuing jurisdiction to correct certain types of errors. *See Warden v. Peters*, 83 Nev. 298, 301, 429 P.2d 549, 551 (1967). We conclude that an important component of the district court's jurisdiction over a criminal case is to correct mistakes of fact that would have prevented a conviction and for which there is or was no other available legal remedy. This is so even after the defendant has completed serving the sentence imposed and is no longer in custody on the conviction being challenged. Thus, *coram nobis* is not repugnant to or in conflict with the Nevada Constitution.

Whether the writ of *coram nobis* would be in conflict with Nevada law is a more complicated question. The State argues that the writ of *coram nobis* was abolished by the exclusive-remedy language set forth in NRS 34.724(2)(b), and thus, the writ would be in conflict with that Nevada statute. The issue, however, is not that clear-cut. NRS 34.724(2)(b) provides that a post-conviction petition for a writ of habeas corpus "[c]omprehends and takes the place of all other common-law, statutory or other remedies which have been available for challenging the validity of the conviction or sentence, and must be used exclusively in place of them." But unlike the majority of other states that have similar provisions in their post-conviction relief statutes and therefore have refused to recognize the writ of *coram nobis*, *see supra* note 5 and accompanying text, the exclusive remedy adopted in NRS 34.724(2)(b) is not available to all persons who have sustained a conviction in Nevada. A

SUPREME COURT
OF
NEVADA

(O) 1947A

12

prerequisite to the constitutional authority to grant habeas relief is the custodial status of the petitioner: the petitioner must be in actual custody or have suffered a criminal conviction and not completed the sentence imposed pursuant to the judgment of conviction. Nev. Const. art. 6, § 6(1). A post-conviction petition for a writ of habeas corpus is further limited to a person who is "under sentence of death or imprisonment." NRS 34.724(1). These two provisions thus require a habeas petitioner to be under a sentence of imprisonment for the conviction he challenges at the time the petition is filed. *Jackson v. State*, 115 Nev. 21, 23, 973 P.2d 241, 242 (1999). For a person who is not in custody, Nevada's post-conviction habeas corpus scheme does not apply and would not preclude a writ of *coram nobis*.[8] Conversely, if a person is in custody on the conviction being challenged, a writ of *coram nobis* is not available and habeas corpus must be sought as the exclusive remedy to challenge the conviction.[9] This distinction between persons who are under sentence of imprisonment and those who are not for purposes of the writ of *coram nobis* does not violate

---

[8]We recognize that the writ of *coram nobis* has been abolished in civil cases under NRCP 60. However, we conclude that NRCP 60 would not preclude the writ of *coram nobis* in a criminal case. When faced with a similar suggestion, the United States Supreme Court rejected the argument that language in FRCP 60 abolishing *coram nobis* in civil cases also ended the writ in criminal cases because the writ of *coram nobis* served as a step in a criminal case. *Morgan*, 346 U.S. at 505 n.4. We agree and conclude that NRCP 60 does not preclude use of the writ in criminal cases.

[9]There are limited exceptions that are not relevant here. *See generally* NRS 34.724(2)(a) (providing that habeas corpus is "not a substitute for and does not affect any remedies which are incident to the proceedings in the trial court or the remedy of direct review of the sentence or conviction").

any constitutional or legal rights as the writ of *coram nobis* is not proper and necessary to the jurisdiction of the district courts where another legal remedy, a post-conviction petition for a writ of habeas corpus, is available to challenge the conviction.

Thus, we hold that Article 6, Section 6 of the Nevada Constitution and NRS 1.030 authorize the common-law writ of *coram nobis* for a person who is not in custody on the conviction being challenged. To the extent that our decision in *Bigness* suggested that the common-law writ did not exist in Nevada, we overrule that decision.

*The writ of coram nobis is limited in scope*

We turn then to the scope of the writ. As stated earlier, jurisdictions recognizing the writ have adopted different approaches to its scope. Two approaches may be said to be in the majority—the common-law approach and the federal approach adopted in *Morgan*. Given the sources of authority for recognizing the writ in Nevada, as discussed above, we conclude that the writ in Nevada has the same scope as the common-law writ. We decline to follow the *Morgan* Court and expand the writ beyond its common-law scope because we can find no authority, and none is offered by the parties, that would allow this court to create a new substantive remedy out of whole cloth, appending only the name of *coram nobis* to this new creation. Such a remedy as created by the *Morgan* Court could only be created by our Legislature, and we leave it in its hands to fashion. At common law, the writ of *coram nobis* existed to correct errors of fact, and to the extent that it exists in Nevada, it exists as a common-law writ.

Consistent with the common law, the writ of *coram nobis* may be used to address errors of fact outside the record that affect the validity

and regularity of the decision itself and would have precluded the judgment from being rendered. At common law, many of these errors of fact involved personal jurisdiction—errors regarding the status of the party which would prevent a judgment from being entered against the party. The common-law examples of coverture and infancy have been eliminated through the evolution of legal principles relating to women and children, but the competency of the defendant at the time of the plea or trial is an example that still has relevance today. *See* NRS 178.405(1) (requiring the suspension of proceedings when a doubt rises as to the competence of the defendant). Although we do not attempt to precisely define the realm of factual errors that may give rise to a writ of *coram nobis*, that realm is limited to errors involving facts that were not known to the court, were not withheld by the defendant, and would have prevented entry of the judgment. For example, a factual error does not include claims of newly discovered evidence because these types of claims would not have precluded the judgment from being entered in the first place. *See Hyung Joon Kim*, 202 P.3d at 453; *Commonwealth v. Morris*, 705 S.E.2d 503, 506 (Va.), *cert. denied*, 565 U.S. ___, 132 S. Ct. 115 (2011). And legal errors fall entirely outside the scope of the writ. *See, e.g., Hyung Joon Kim*, 202 P.3d at 446; *State v. Diaz*, 808 N.W.2d 891, 896 (Neb. 2012). A writ of *coram nobis* is the forum to correct only the most egregious factual errors that would have precluded entry of the judgment of conviction had the error been known to the court at the time.

A writ of *coram nobis* is not, however, the forum to relitigate the guilt or innocence of the petitioner. We have long emphasized the importance of the finality of judgments, and we are gravely concerned that recognizing this writ, even in the very limited form that we do today, will

result in a proliferation of stale challenges to convictions long since final. *See Jackson v. State*, 115 Nev. 21, 23 n.2, 973 P.2d 241, 242 n.2 (1999); *Groesbeck v. Warden*, 100 Nev. 259, 261, 679 P.2d 1268, 1269 (1984). Given these concerns, we hold that any error that was reasonably available to be raised while the petitioner was in custody is waived, and it is the petitioner's burden on the face of his petition to demonstrate that he could not have reasonably raised his claims during the time he was in custody.

Having recognized that a writ of *coram nobis* may be filed in district court by a person who is no longer in custody to challenge a judgment of conviction based on errors of fact, we necessarily must determine whether the district court's order resolving such a petition is appealable.[10] Generally, this court has appellate jurisdiction only where a statute or court rule provides for an appeal. *Castillo v. State*, 106 Nev. 349, 352, 792 P.2d 1133, 1135 (1990). As the State points out, there is no specific statute or court rule applicable to criminal cases that authorizes an appeal from an order resolving a petition for a writ of *coram nobis*. However, NRAP 3A(b)(1) provides that an appeal may be taken from a final judgment in a civil action. *Coram nobis*, much like habeas corpus, cannot be strictly characterized as civil or criminal for all purposes. *See Hill v. Warden*, 96 Nev. 38, 40, 604 P.2d 807, 808 (1980). Thus, although the writ is a step in the criminal process, for purposes of determining the appealability of an order resolving a petition for a writ of *coram nobis*, we

---

[10]At common law, the writ was filed in the court alleged to have made the error of fact preventing entry of the judgment of conviction. This necessarily means that the writ of *coram nobis* is not available in an original proceeding in this court.

are guided by the approach in the federal courts to classify the writ proceeding as a civil action. FRAP 4(a)(1)(C), since 2002, provides that *coram nobis* is appealable as a civil judgment. Even before that provision was added to FRAP 4(a)(1), federal courts had determined that the writ should be treated as civil for appeal purposes. *See, e.g., United States v. Keogh*, 391 F.2d 138, 140 (2d Cir. 1968); *United States v. Cooper*, 876 F.2d 1192, 1193-94 (5th Cir. 1989), *overruled on other grounds by Smith v. Barry*, 502 U.S. 244 (1992); *United States v. Johnson*, 237 F.3d 751, 754 (6th Cir. 2001); *United States v. Craig*, 907 F.2d 653, 655-57 (7th Cir. 1990), *amended at* 919 F.2d 57. Thus, we conclude that the writ of *coram nobis* should be treated as a civil writ for appeal purposes and a final judgment resolving a petition for a writ of *coram nobis* therefore is appealable pursuant to NRAP 3A(b)(1).

*Application to Trujillo*

Having decided that a petition for a writ of *coram nobis* exists in limited circumstances, we must determine whether the district court abused its discretion in denying the petition. *See Hyung Joon Kim*, 202 P.3d at 448 (recognizing that "a lower court's ruling on a petition for the writ is reviewed under the abuse of discretion standard"); *Jessen*, 290 N.W.2d at 688 (recognizing that *coram nobis* is "a discretionary writ"). Consistent with our decision today, the remedy of *coram nobis* was available to Trujillo because he was no longer in custody on the judgment being challenged when he filed his petition. We turn then to the merits of the petition.

In his petition, Trujillo claimed that he received ineffective assistance of counsel because his trial counsel failed to inform him about the immigration consequences of his conviction. This claim fell outside the

scope of claims permissible in a petition for a writ of *coram nobis*. A claim of ineffective assistance of counsel involves legal error. *See Hyung Joon Kim*, 202 P.3d at 454; *Diaz*, 808 N.W.2d at 896; *Morris*, 705 S.E.2d at 507-08. While there is undeniably a factual underpinning to a claim of ineffective assistance of counsel, the ultimate issue is the legal question of whether the representation was constitutionally adequate: whether the performance of counsel fell below an objective standard of reasonableness and whether there was resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Because Trujillo's claim was not properly raised in a petition for a writ of *coram nobis*, we conclude that the district court did not abuse its discretion in denying the petition. *See Wyatt v. State*, 86 Nev. 294, 298, 468 P.2d 338, 341 (1970) (holding that a correct result will not be reversed simply because it is based on the wrong reason).

## CONCLUSION

In discussing the writ of *coram nobis*, the First Circuit Court of Appeals has indicated that the writ should be "hen's-teeth rare." *United States v. George*, 676 F.3d 249, 254 (1st Cir. 2012). We echo that sentiment. *Coram nobis*, where recognized, is an extraordinary remedy; one necessary only to achieve justice. The common-law writ of *coram nobis* is available in Nevada only for petitioners who are no longer in custody on the judgment being challenged and only to address errors of fact outside the record that were not known to the court entering the judgment, could not have been raised earlier, and affect the validity and

regularity of the decision itself in that they would have precluded the judgment from being rendered.

_____, J.
Douglas

We concur:

_____, J.
Gibbons

_____, J.
Saitta

SUPREME COURT
OF
NEVADA

(O) 1947A