An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

BRIAN KERRY O'KEEFE,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64878

**FILED**

JUN 1 2 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY ___S. Young___
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is a proper person appeal from an order of the district court denying a petition for a writ of mandamus and a writ of *coram nobis*.[1]  Eighth Judicial District Court, Clark County; Valorie J. Vega, Judge.

In his December 19, 2013, petition, appellant challenged his criminal conviction by claiming that the State failed to prove the constitutional validity of his prior convictions, that there was insufficient evidence to support his conviction, that his counsel was ineffective for failing to argue that his conviction violated Double Jeopardy principles, and that the State failed to disclose exculpatory evidence.  Appellant

_____

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

SUPREME COURT
OF
NEVADA

(O) 1947A

14-19285

asserted he was entitled to mandamus relief or, in the alternative, relief through a writ of *coram nobis*.

First, appellant improperly challenged the validity of a judgment of conviction through a petition for a writ of mandamus. *See* NRS 34.160; NRS 34.724(2) (stating that a post-conviction petition for a writ of habeas corpus is the proper vehicle with which to challenge a judgment of conviction); *Round Hill Gen. Improvement Dist. v. Newman*, 97 Nev. 601, 603-04, 637 P.2d 534, 536 (1981) (discussing the scope of mandamus). In addition, appellant failed to demonstrate he did not have an adequate remedy with which to challenge his conviction. *See* NRS 34.170. Therefore, the district court did not err in denying the petition.

Second, appellant failed to demonstrate that he was entitled to relief on his petition for a writ of *coram nobis*. Appellant's claims were not properly raised in a petition for a writ of *coram nobis* because they were claims arising from alleged factual errors that are on the record, the claims could have been raised earlier, or they involved legal and not factual errors. *See Trujillo v. State*, 129 Nev. ___, ___, 310 P.3d 594, 601-02 (2013). Appellant has previously litigated a post-conviction petition for a writ of habeas corpus, *O'Keefe v. State*, Docket No. 48867 (Order of Affirmance, October 31, 2007), and appellant failed to demonstrate that he could not have raised his current claims in that petition. *See Trujillo*, 129 Nev. at ___, 310 P.3d at 601-02 (discussing that it is the petitioner's burden to demonstrate that he could not have reasonably raised his claims

at an earlier time).  Therefore, the district court did not err in denying the petition.  Accordingly, we

ORDER the judgment of the district court AFFIRMED.[2]

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

cc:    Hon. Valorie J. Vega, District Judge
       Brian Kerry O'Keefe
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk

---

[2]We have reviewed all documents that appellant has submitted in proper person to the clerk of this court in this matter, and we conclude that no relief based upon those submissions is warranted.  To the extent that appellant has attempted to present claims or facts in those submissions which were not previously presented in the proceedings below, we have declined to consider them in the first instance.