An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| BRIAN KERRY O'KEEFE,<br>Appellant,<br>vs.<br>THE STATE OF NEVADA,<br>Respondent. | No. 65040 |
| BRIAN KERRY O'KEEFE,<br>Appellant,<br>vs.<br>THE STATE OF NEVADA,<br>Respondent. | No. 65217 |

**FILED**

JUL 23 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

These are proper person appeals from orders of the district court denying a petition for a writ of mandamus or *coram nobis* and a motion to modify or correct an illegal sentence.[1] Eighth Judicial District Court, Clark County; Stefany Miley, Judge (Docket No. 65040), Eighth

___

[1]These appeals have been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the records are sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975). We elect to consolidate these appeals for disposition. See NRAP 3(b)(2).

SUPREME COURT
OF
NEVADA

(O) 1947A

14-23908

Judicial District Court, Clark County; Michael Villani, Judge (Docket No. 65217).

Docket No. 65040

In his December 6, 2013, petition, appellant challenged his criminal conviction by claiming that there was insufficient evidence to support his conviction for burglary, that the district court judge that sentenced him had a conflict of interest, and that he suffered from ineffective assistance of counsel. Appellant asserted he was entitled to mandamus relief or, in the alternative, relief through a writ of *coram nobis*.

First, appellant improperly challenged the validity of a judgment of conviction through a petition for a writ of mandamus. *See* NRS 34.160; NRS 34.724(2) (stating that a post-conviction petition for a writ of habeas corpus is the proper vehicle with which to challenge a judgment of conviction); *Round Hill Gen. Improvement Dist. v. Newman*, 97 Nev. 601, 603-04, 637 P.2d 534, 536 (1981) (discussing the scope of mandamus). In addition, appellant failed to demonstrate that he did not have an adequate remedy with which to challenge his conviction. *See* NRS 34.170. Therefore, the district court did not err in denying the petition.

Second, appellant failed to demonstrate that he was entitled to relief on his petition for a writ of *coram nobis*. Appellant's claims were not properly raised in a petition for a writ of *coram nobis* because they were claims arising from alleged factual errors that are on the record, the claims could have been raised earlier, or they involved legal and not factual errors. *See Trujillo v. State*, 129 Nev. ___, ___, 310 P.3d 594, 601-

02 (2013). Appellant has previously litigated a post-conviction petition for a writ of habeas corpus, *O'Keefe v. State*, Docket Nos. 48673 and 49329 (Order of Affirmance, March 24, 2008), and appellant failed to demonstrate that he could not have raised his current claims in that petition. *See Trujillo*, 129 Nev. at ___, 310 P.3d at 601-02 (discussing that it is the petitioner's burden to demonstrate that he could not have reasonably raised his claims at an earlier time). Therefore, the district court did not err in denying the petition.

<u>Docket No. 65217</u>

In his January 27, 2014 motion, appellant claimed that the trial court was without jurisdiction because appellant had sought relief in federal court and a decision regarding his federal habeas petition was pending before the Ninth Circuit Court of Appeals during his state court trial. This claim fell outside the narrow scope of claims permissible in a motion to modify sentence. *See Edwards v. State*, 112 Nev. 704, 708, 918 P.2d 321, 324 (1996). Appellant also failed to demonstrate that his sentence was facially illegal or that the district court lacked jurisdiction due to the federal court proceedings. *See id.* Appellant did not demonstrate that the federal court proceedings divested Nevada state courts of jurisdiction over this case. Moreover, appellant failed to demonstrate that the federal court had stayed the proceedings in state court while it considered appellant's petition. *See* 28 U.S.C. § 2251(a)(1).

Therefore, we conclude that the district court did not err in denying appellant's motion. Accordingly, we

ORDER the judgments of the district court AFFIRMED.[2]

_____ , J.
Pickering

_____ , J.
Parraguirre

_____ , J.
Saitta

cc:     Hon. Stefany Miley, District Judge
        Hon. Michael Villani, District Judge
        Brian Kerry O'Keefe
        Attorney General/Carson City
        Clark County District Attorney
        Eighth District Court Clerk

---

[2]We have reviewed all documents that appellant has submitted in proper person to the clerk of this court in these matters, and we conclude that no relief based upon those submissions is warranted. To the extent that appellant has attempted to present claims or facts in those submissions which were not previously presented in the proceedings below, we have declined to consider them in the first instance.