# IN THE SUPREME COURT OF THE STATE OF NEVADA

JERRY T. DONOHUE,
Petitioner,
vs.
THE STATE BAR OF NEVADA,
Respondent.

No. 75017

FILED

MAR 15 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

## ORDER DENYING PETITION FOR WRIT OF CORAM NOBIS

This original pro se petition for a writ of coram nobis challenges this court's disposition of petitioner's attorney discipline matter. In petitioning for coram nobis relief, Jerry Donohue "seeks the immediate set-a-side of this Court's Order of Suspension," arguing that had the State Bar not concealed evidence that Donohue's former paralegal had been twice convicted of felony identity theft, "the Findings and/or Recommendations of the disciplinary panel herein clearly would have been different and/or the discipline imposed would have been less stringent."

Having considered the petition, we deny the requested relief. The coram nobis remedy is limited in scope and not properly invoked here. *Trujillo v. State*, 129 Nev. 706, 716-719, 310 P.3d 594, 601-02 (2013) (recognizing that coram nobis is a discretionary writ and observing that its application is restricted to persons who are no longer in custody but seek to challenge a judgment of conviction in order to address a limited scope of factual errors, when those errors were material to the validity and regularity of the decision and would have precluded the judgment of conviction's entry had they been known). Donohue's basis for seeking relief

18 - 10350

from the suspension order is not cognizable on coram nobis review, as he is not challenging a judgment of conviction, pursuant to which he is no longer in custody, but is instead challenging an order imposing discipline for his multiple violations of the Rules of Professional Conduct.

Even if the suspension order were reviewable by coram nobis, Donohue's arguments would fail. Donohue provides no evidentiary foundation to support his bald assertion that in July 2017, he became aware that the State Bar concealed evidence of his former paralegal's prior felony identity theft convictions, but even if that assertion were supported, this newly discovered evidence claim cannot stand on its own because the paralegal's alleged criminal history had no bearing on the disciplinary proceedings and the subsequent order. *Id.* at 717, 310 P.3d at 601 (noting that claims of newly discovered evidence are not addressed on coram nobis review because such evidence would not have precluded the judgment of conviction from being entered in the first place); *People v. Forest*, 224 Cal. Rptr. 3d 827, 837 (Ct. App. 2017) (observing that newly discovered evidence does not justify coram nobis relief "unless it is of such character as will completely undermine the entire structure of the case upon which the prosecution was based" (quotation and citations omitted)). Donohue is a Nevada-licensed attorney bound by the Rules of Professional Conduct, and the disciplinary proceedings addressed *Donohue's own rule violations*,[1] not

---

[1]In addition to addressing (1) Donohue's failure to safekeep client property; (2) Donohue's failure to supervise and implement measures to ensure his paralegal's conduct was compatible with his own professional obligations; (3) Donohue's misconduct in knowingly allowing his paralegal to act in ways that would violate the rules; (4) Donohue's failure to take remedial action, once informed of his paralegal's theft of client identity and money; and (5) Donohue's failure to supervise his paralegal, who he allowed

the actions of his paralegal. Accordingly, there being no basis for a writ of error coram nobis, we

ORDER the petition DENIED.

_____, J.
Cherry

_____, J.
Parraguirre

_____, J.
Stiglich

cc: Jerry T. Donohue
C. Stanley Hunterton, Bar Counsel, State Bar of Nevada

to engage in the unauthorized practice of law, the disciplinary proceedings also addressed Donohue's various other rule violations regarding his failure to communicate and to act diligently and competently.

SUPREME COURT
OF
NEVADA

(O) 1947A