# IN THE SUPREME COURT OF THE STATE OF NEVADA

DONALD LOUIS WHITE,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 71929

DONALD LOUIS WHITE,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 73822

**FILED**

OCT 09 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

These are consolidated appeals from district court orders denying a motion to correct an illegal sentence and a petition for a writ of coram nobis. Eighth Judicial District Court, Clark County; Jessie Elizabeth Walsh, Tierra Danielle Jones, Judges.

Relying on *McNeill v. State*, 132 Nev., Adv. Op. 54, 375 P.3d 1022 (2016), which held that the imposition of conditions on lifetime supervision that are not enumerated in NRS 213.1243 violates the statute's plain language and the separation-of-powers provision in the Nevada Constitution, appellant Donald White challenges his 2011 conviction for attempted violation of lifetime supervision. We conclude that *McNeill* applies to White's 2011 conviction because it did not announce a new rule, but he nonetheless cannot obtain relief from that conviction through a motion to correct an illegal sentence or a petition for a writ of coram nobis. Accordingly, we affirm the district courts' orders.

18-39648

*McNeill applies to White's conviction.*

Because White's 2011 conviction for attempted violation of lifetime supervision was final approximately five years before *McNeill*, we must determine as a threshold issue whether White can rely on *McNeill* to challenge his conviction. As a general rule, if a decision announces a new constitutional rule, it does not apply retroactively to cases wherein the judgment of conviction was already final.[1] *See Colwell v. State*, 118 Nev. 807, 819, 59 P.3d 463, 471-72 (2002). The State argues that *McNeill* announced such a new rule because it was the first time any court concluded that the Legislature had not delegated authority to the Parole Board to impose conditions on lifetime supervision that are not enumerated in NRS 213.1243. We disagree.

The State's argument conflates "first" with "new." A decision does not announce a new rule simply because it is the first time a court has interpreted a statute. If the court's interpretation of a statute is *dictated* by existing precedent, or even by the statute's plain language, the decision is not new; it simply states the existing law. *See Ennis*, 122 Nev. at 699-700, 137 P.3d at 1099; *Clem v. State*, 119 Nev. 615, 622-26, 81 P.3d 521, 526-29 (2003); *Colwell*, 118 Nev. at 819, 59 P.3d at 472. Such is the case with *McNeill*, which was based on the plain language of NRS 213.1243, applied well-established principles regarding delegation of the power to legislate, and overruled no precedent. The same version of NRS 213.1243 interpreted in *McNeill* was in effect when White violated the conditions of his lifetime

---

[1]A conviction is final "'when the availability of direct appeal to the state courts has been exhausted and the time for filing a petition for a writ of certiorari [to the Supreme Court] has elapsed or a timely petition has been finally denied.'" *Ennis v. State*, 122 Nev. 694, 699, 137 P.3d 1095, 1099 (2006) (quoting *Caspari v. Bohlen*, 510 U.S. 383, 390 (1994)).

supervision. Thus, retroactivity is not an issue because *McNeill* states the law even as to those whose convictions are final. *See Bejarano v. State*, 122 Nev. 1066, 1074-75, 146 P.3d 265, 271 (2006).

*Motion to correct an illegal sentence is not proper vehicle to challenge the conviction.*

White argues that because his conduct did not violate an enumerated condition of NRS 213.1243, the district court lacked jurisdiction to convict him of an attempted violation of lifetime supervision. We conclude that White's challenge to his conviction falls outside the scope of a motion to correct an illegal sentence, which "'presupposes a valid conviction and may not, therefore, be used to challenge alleged errors in proceedings that occur prior to the imposition of sentence.'" *Edwards v. State*, 112 Nev. 704, 708, 918 P.2d 321, 324 (1996) (quoting *Allen v. United States*, 495 A.2d 1145, 1149 (D.C. 1985)). Labeling the challenge as one to the district court's "jurisdiction" does not bring it within the scope of a motion to correct an illegal sentence. The "jurisdiction" referenced in *Edwards* is the district court's authority to impose a sentence, which is prescribed by the relevant sentencing statutes. *See Grey v. State*, 124 Nev. 110, 124, 178 P.3d 154, 163-64 (2008) (recognizing that Nevada's habitual criminal sentencing scheme "premises the district court's authority to impose a habitual criminal sentence on the State's filing of an allegation of habitual criminality"). The trial court in this case imposed a sentence that was within the limits provided by the relevant statute; therefore, it did not exceed its jurisdiction for purposes of a motion to correct an illegal

sentence.[2]   Accordingly, we affirm the district court's order denying the motion to correct in Docket No. 71929.

*Petition for writ of coram nobis is not proper vehicle to challenge the conviction.*

White argues that he can seek relief from his conviction through a petition for a writ of coram nobis because his challenge based on *McNeill* involves a factual error that affects the regularity of the judgment of conviction.   Although coram nobis may be used by a petitioner who is no longer in custody to challenge a judgment of conviction based on "errors of fact outside the record that affect the validity and regularity of the decision itself and would have precluded the judgment from being rendered" provided that other requirements have been satisfied,[3] "legal errors fall

---

[2]Federal courts similarly have determined that a challenge to the trial court's subject matter jurisdiction falls outside the scope of a motion to correct an illegal sentence as provided for in Fed. R. Crim. P. 35, the federal counterpart to NRS 176.555. *See, e.g., United States v. Peltier*, 446 F.3d 911, 913-14 (8th Cir. 2006); *United States v. Little*, 392 F.3d 671, 678 (4th Cir. 2004); *United States v. Lika*, 344 F.3d 150, 152-53 (2d Cir. 2003); *United States v. Matthews*, 833 F.2d 161, 164 (9th Cir. 1987), *abrogated on other grounds by Young v. Holder*, 697 F.3d 976 (9th Cir. 2012); *see also Hill v. United States*, 368 U.S. 424, 430 (1962) ("[T]he narrow function of Rule 35 is to permit correction at any time of an illegal sentence, not to re-examine errors occurring at the trial or other proceedings prior to the imposition of sentence.").

[3]The writ is further limited to such factual errors that "were not known to the court," "were not withheld by the defendant," and "could not have reasonably [been] raised [by the defendant] . . . during the time that he was in custody." *Trujillo v. State*, 129 Nev. 706, 717-18, 310 P.3d 594, 601-02 (2013).

entirely outside the scope of the writ."[4] *Trujillo*, 129 Nev. at 717, 310 P.3d at 601. A mistake of law is defined as "[a] mistake about the legal effect of a known fact or situation." Mistake of Law, *Black's Law Dictionary* (8th ed. 2004). The error at issue here is a legal one. White's challenge to his conviction based on *McNeill* reflects a mistake about the legal effect of his conduct—whether it could support a conviction for violating or attempting to violate the conditions of lifetime supervision. It does not implicate previously unknown facts that would have precluded the judgment from being rendered. Thus, a challenge to a conviction based upon *McNeill* falls outside the scope of a petition for a writ of coram nobis. Accordingly, we affirm the district court's order denying the petition in Docket No. 73822, even though its decision was based on the erroneous conclusion that *McNeill* announced a new rule that is not retroactive. *See Wyatt v. State*, 86 Nev. 294, 298, 468 P.2d 338, 341 (1970) (holding that correct result will not be reversed simply because it is based on the wrong reason).

*Conclusion*

We agree with White that based on the conduct he admitted in entering his guilty plea, he did not commit the offense of attempted violation of lifetime supervision because the admitted conduct did not violate a condition enumerated in NRS 213.1243. *McNeill*, 132 Nev., Adv. Op. 54, 375 P.3d at 1026-27. White could have made this argument while he was still in custody. Had he done so in a timely fashion, he would have been granted relief. But now that he is no longer in custody on the challenged

---

[4]To the extent that White seeks to expand the scope of coram nobis as the federal courts have, we decline to revisit our prior decision rejecting the federal approach. *Id.* at 716-17, 310 P.3d at 600.

judgment of conviction, there does not appear to be a readily available means for him to seek relief from the judgment of conviction through a judicial proceeding.[5] Accordingly, we

ORDER the judgments of the district court AFFIRMED.

_____, C.J.
Douglas

_____, J.          _____, J.
Cherry                                Gibbons

_____, J.          _____, J.
Pickering                             Hardesty

_____, J.          _____, J.
Parraguirre                           Stiglich

cc:   Hon. Jessie Elizabeth Walsh, District Judge
      Hon. Tierra Danielle Jones, District Judge
      Clark County Public Defender
      Attorney General/Carson City
      Clark County District Attorney
      Eighth District Court Clerk

_____

[5]White may still seek relief from his conviction in an application to the Pardons Board. Nev. Const. art. 5, § 14; NRS 213.020.