IN THE SUPREME COURT OF THE STATE OF NEVADA

SCOTT WILLIAM COCHRAN,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 79721

FILED

SEP 18 2020

ELIZABETH A BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a motion to withdraw a guilty plea. Eighth Judicial District Court, Clark County; Ronald J. Israel, Judge.

Appellant was originally charged with coercion, first-degree kidnapping, battery with intent to commit a crime, and four counts of sexual assault. Approximately a month after his arrest, appellant entered a guilty plea to two counts of attempted sexual assault. The district court sentenced appellant to serve two concurrent terms of two to ten years. The judgment of conviction was entered on March 29, 2012. Appellant was discharged in 2017.

On May 3, 2019, seven years after entry of the judgment of conviction, appellant filed a motion to withdraw his guilty plea. Appellant claimed that he is innocent and that he has discovered new evidence that would "prove that the only witness in the case against him was vindictive, dishonest, and had a pattern of being violent and crafting schemes for money and vengeance." This new evidence includes: (1) an affidavit from appellant's ex-girlfriend stating that the victim had contacted her several times and asked questions about appellant's finances and sexual preferences; (2) the victim being charged in 2016 with murder and her

20-34488

attempt to create an alibi for the murder offense; (3) the investigation into the victim's husband's death has been re-opened; (4) a statement from the victim's former brother-in-law to an investigator that the victim had filed false police reports against his brother claiming physical abuse; (5) a statement from the victim's former fiancé to an investigator that the victim was volatile and manipulative and previously tried to run him over, which led to her arrest for domestic battery; (6) questionable civil claims against various entities filed by the victim for financial gain; (7) the victim's false reports of harassment against appellant, his mother and his ex-girlfriend; (8) appellant's polygraph results; and (9) appellant's self-serving statements that sex with the victim was consensual and that the victim faked her own injuries and ripped his shirt to frame him. Appellant asserts that he only pleaded guilty because he was afraid of the risk of being convicted of more serious charges. Appellant asserted he only discovered the new evidence when he hired an investigator after he learned he would have to register as a sex offender for life. The district court denied the motion without an evidentiary hearing.

Appellant argues the district court erred in determining that his motion should have been filed as a postconviction petition for a writ of habeas corpus. We agree. Because appellant was not in custody when he filed his motion, a postconviction petition for a writ of habeas corpus was not an available remedy. *See* Nev. Const. art. 6, § 6(1) (setting forth a custody requirement for habeas corpus); NRS 34.724(1) (providing that a habeas petition is available to a person under a sentence of imprisonment or death); *Harris v. State*, 130 Nev. 435, 439 n.1, 329 P.3d 619, 622 n.1 (2014) (noting that the exclusive-remedy provision in NRS 34.724(2) does not apply to remedies that are available only to those not in custody); *Trujillo v. State*, 129 Nev. 706, 716, 310 P.3d 594, 600 (2013) ("For a person

who is not in custody, Nevada's post-conviction habeas corpus scheme does not apply. . . . Conversely, if a person is in custody on the conviction being challenged . . . habeas corpus must be sought as the exclusive remedy to challenge the conviction.").

Nevertheless, we affirm the district court's order because appellant's claim of innocence is not properly raised in a post-sentence motion to withdraw a guilty plea. "The question of an accused's guilt or innocence is generally not at issue in a motion to withdraw a guilty plea." *Hargrove v. State*, 100 Nev. 498, 503, 686 P.2d 222, 226 (1984); *see also Kercheval v. United States*, 274 U.S. 220, 224 (1927) (recognizing that a post-sentence motion to withdraw a plea "does not involve any question of guilt or innocence"). A claim of actual innocence therefore would not warrant relief under NRS 176.165 from an otherwise knowing, intelligent, and voluntary plea. And appellant has not argued nor carried his burden of demonstrating that his plea was not entered knowingly, intelligently, and voluntarily. *Bryant v. State*, 102 Nev. 268, 272, 721 P.2d 364, 368 (1986).[1] Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cadish

---

[1]We need not reach appellant's argument that he satisfied the requirements of NRS 34.724(3) in light of our decision today.

We further note that a convicted person may file a petition to establish factual innocence pursuant to NRS 34.960. We express no opinion as to whether appellant can satisfy the procedural requirements for such a petition.

cc: Hon. Ronald J. Israel, District Judge
The Law Office of Kristina Wildeveld & Associates
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A

4