ROBERT JAMES GROESBECK, APPELLANT, v. WARDEN, NEVADA STATE PRISON, RESPONDENT.

No. 14393

April 25, 1984                                    679 P.2d 1268

[Rehearing denied January 4, 1985]

*Thomas E. Perkins,* State Public Defender, *Norman Y. Herring,* Special Deputy, Carson City, for Appellant.

*Brian McKay,* Attorney General, *Thomas Wright,* Deputy Attorney General, Carson City, for Respondent.

## OPINION

*Per Curiam:*

Some twenty-three years ago Robert James Groesbeck was convicted of first degree murder. He now seeks release on the

---

ground that two jury instructions given at his trial were constitutionally impermissible.

Groesbeck's petition for habeas corpus relief was filed in the district court on February 24, 1982. The petition was dismissed on the grounds that the instructions were harmless by reason of the overwhelming evidence of guilt against Groesbeck and because the long delay in seeking relief was unreasonable and prejudicial to the state's ability to respond. We affirm the ruling of the district court.

In reviewing the petition, we must consider whether there are time limitations on the right of a convicted felon to challenge by habeas corpus a criminal conviction. The present petition for post-conviction relief constitutes the third time in twenty-one years that Robert James Groesbeck has sought to challenge his conviction through the use of habeas corpus. Despite the failure of previous attempts Groesbeck once again calls upon the courts to rule upon the legality of his conviction.

The difficulties relating to habeas corpus petitions that are filed many years after conviction have become of increasing concern to the courts within the past several years. The lengthy passage of time between conviction and a subsequent challenge is a factor which by itself unduly works to the advantage of a felon belatedly seeking relief from conviction. Memories of the crime may diminish and become attenuated. The facts and circumstances of the offense may be impossible to reconstruct. Moreover, as in this case, the frustration of attempting to review the events of a trial which has taken place years and even decades before is compounded when a record of the trial is not preserved,[1] making it virtually impossible to discern what statements were made by the witnesses or objections that were made by counsel. Petitions for habeas corpus filed many years after a conviction result in inherent difficulties which are not present in similar petitions which are timely filed. As Justice O'Connor noted in Engle v. Isaac, 456 U.S. 107, 102 S.Ct. 1558 (1982):

> Collateral review of a conviction extends the ordeal of trial for both society and the accused. As Justice Harlan once observed, "[b]oth the individual and criminal defendant and society have an interest in insuring that there will at some point be the certainty that comes with an end to litigation, and that attention will ultimately be focused not on whether a conviction was free from error but rather on whether the prisoner can be restored to a useful place in

[1]Because Groesbeck did not appeal his 1961 conviction, the transcript of the trial was not prepared. The court reporter's death in 1973 precluded the possibility of having the notes transcribed.

the community.'' [citing Sanders v. United States, 373 U.S. 1, 24-25 (1962)]. By frustrating these interests, the writ undermines the usual principles of finality of litigation.

. . . .

We must acknowledge that writs of habeas corpus frequently cost society the right to punish admitted offenders. Passage of time, erosion of memory, and dispersion of witnesses may render retrial difficult, even impossible. While a habeas corpus writ may, in theory, entitle the defendant only to retrial, in practice it may reward the accused with complete freedom from prosecution.

102 S.Ct. at 1571 (citations omitted).

We agree with the sentiments of Justice O'Connor. Habeas corpus petitions that are filed many years after conviction are an unreasonable burden on the criminal justice system. The necessity for a workable system dictates that there must exist a time when a criminal conviction is final. That time has passed in this case.

Under the specific facts of this case there has been an unreasonable and prejudicial delay in pursuing habeas corpus relief; we therefore affirm.