Michael Philip ANSELMO,
Petitioner–Appellant,

v.

George SUMNER, Respondent–Appellee.

No. 89–15011.

United States Court of Appeals,
Ninth Circuit.

Argued June 8, 1989.

Submitted July 21, 1989.

Decided Aug. 14, 1989.

N. Patrick Flanagan, III, Federal Public Defender, Reno, Nev., for petitioner-appellant.

Brian Randall Hutchins, Chief Deputy Atty. Gen., Carson City, Nev., for respondent-appellee.

Before CHOY, ALARCON and LEAVY, Circuit Judges.

ALARCON, Circuit Judge:

Michael Philip Anselmo, a state prisoner, appeals from the denial of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Anselmo claims before this court that his federal constitutional rights were violated at his state trial because his involuntary confession was admitted at trial, and he was denied effective assistance of counsel in his direct appeal.

I.

PROCEDURAL AND FACTUAL
BACKGROUND

The government contends that each of Anselmo's federal constitutional claims is procedurally barred. We agree. We review the denial of a petition for a writ of habeas corpus independently, without deference to the district court's findings and conclusions. *Weygandt v. Ducharme*, 774 F.2d 1491, 1492 (9th Cir.1985).

A federal court will not consider the merits of a federal constitutional claim if a state's highest court has dismissed a collateral attack upon a criminal conviction based on an independent state procedural ground, unless cause and actual prejudice are shown. *Murray v. Carrier*, 477 U.S. 478, 492, 106 S.Ct. 2639, 2647, 91 L.Ed.2d 397 (1986).

Anselmo was found guilty in 1972 of murder in the first degree after trial in the

Second Judicial District Court of Nevada and was sentenced to a term of life without possibility of parole. Anselmo filed a direct appeal on August 7, 1972 in the Nevada Supreme Court from the judgment of conviction. The appeal was dismissed on March 3, 1974 for failure to prosecute. Anselmo filed a state habeas corpus petition on February 21, 1985. On March 11, 1985, the First Judicial District Court of Nevada denied the petition sua sponte, prior to any response from the state, on the ground that the delay of thirteen years from the date of conviction in filing for habeas corpus relief was unreasonable and prejudicial to the state.

Anselmo appealed from the denial of his petition for a writ of habeas corpus to the Nevada Supreme Court. The Nevada Supreme Court dismissed the appeal on August 18, 1985. *Anselmo v. Warden of the Nevada State Prison,* Case No. 16914.

On August 27, 1985, Anselmo filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, in the United States District Court for the District of Nevada. The State filed a motion to dismiss the petition. The State argued that Anselmo had filed a "delayed petition" subject to dismissal under Rule 9(a) of the Rules Governing Section 2254 cases.[1] In addition to claiming that laches barred the petition, the State also sought dismissal on the basis that consideration of the merits of Anselmo's federal petition was precluded because of his procedural default under Nevada law.

The State asserted that under Nevada law, Anselmo was barred from raising issues in collateral proceedings that could have been raised on a direct appeal from his conviction. The State also contended that consideration of the merits of his federal constitutional claims was barred by laches. The State's motion to dismiss the petition was denied on June 19, 1986.

In its November 29, 1988 order denying the writ of habeas corpus, the district court concluded that consideration of the merits was not precluded because "[t]he rule in the Ninth Circuit is that the procedural default doctrine does not apply where a state court has denied a habeas petition on both procedural and substantive grounds." The district court relied upon our decision in *Bradford v. Stone,* 594 F.2d 1294, 1296 n. 2 (9th Cir.1979) in support of its ruling. After reviewing the transcript of the state court's evidentiary hearing on the admissibility of his confession, the district court concluded that no federal constitutional violation occurred in obtaining Anselmo's confession. The district court also ruled that no prejudice had been shown as a result of counsel's failure to file an opening brief before the Supreme Court of Nevada.

## II.

## DISCUSSION

### A. Procedural Bar Based on an Independent State Ground

Anselmo did not assert before the district court that the delay of thirteen years in the filing of his state petition for a writ of habeas corpus was reasonable and not prejudicial to the State. Instead, he argued as follows:

> The failure by Mr. Anselmo's court-appointed attorney to properly perfect an appeal to preserve Mr. Anselmo's rights, should not bar federal habeas corpus review. There is no evidence of a deliberate by-pass on Mr. Anselmo's part. The ineffective assistance of counsel on appeal constitutes cause and Mr. Anselmo's conviction constitutes prejudice.

Supplemental Points and Authorities in Support of Petition for Writ of Habeas Corpus filed January 14, 1988.

■ As noted above, the district court rejected the State's argument that the peti-

---

1. Rule 9(a) provides as follows:
   A petition may be dismissed if it appears that the state of which the respondent is an officer has been prejudiced in its ability to respond to the petition by delay in its filing unless the

petitioner shows it is based on grounds of which he could not have had knowledge by the exercise of reasonable diligence before the circumstances prejudicial to the state occurred.

tion should be dismissed because Anselmo's claims were procedurally barred based on existing Ninth Circuit case law. In *Bradford v. Stone,* we held that the procedural default doctrine does not bar consideration of the merits of a federal constitutional claim if the state court has denied review on both procedural and substantive grounds. 594 F.2d at 1296, n. 2.

Our holding in *Bradford v. Stone* is no longer an accurate statement of the law regarding procedural bar. In *Harris v. Reed,* —— U.S. ——, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989), the Supreme Court instructed that if a state court clearly and expressly states that consideration of a federal constitutional claim is barred because of an adequate and independent state law ground, federal review is foreclosed notwithstanding the fact that relief was denied on the merits in an alternative holding. *Id.* 109 S.Ct. at 1044 n. 10. Thus, *Harris v. Reed* has nullified the law of this circuit that the merits of a federal constitutional claim may be reviewed if the state court denied a habeas corpus petition on alternate procedural and substantive grounds. *Id.*

Pursuant to the Supreme Court's instruction in *Harris v. Reed,* we must determine whether the Nevada Supreme Court clearly expressed in a "plain statement" its reliance on an adequate and independent state law grounds as a procedural bar to reviewing Anselmo's federal constitutional claims. *Harris v. Reed,* —— U.S. at ——, 109 S.Ct. at 1043.

The Nevada Supreme Court explained its dismissal of Anselmo's appeal in the following words:

This is a proper person appeal from an order of the district court denying a proper person petition for a post-conviction writ of habeas corpus.

The district court denied appellant's petition on the ground that appellant had waited an unreasonable period of time before bringing the petition. We concluded in *Groesbeck v. Warden,* 100 Nev. 259, 679 P.2d 1268 (1984), that it was proper to deny a petition for post-conviction habeas relief brought after an un-

reasonably long delay because of the inherent difficulties occasioned by such a petition.

In his petition below appellant raised numerous issues, including the question of whether he was deprived of his constitutional due process rights because his appeal was dismissed due to the failure of his attorney to prosecute the appeal in conformity with the rules of this court. *See Evitts v. Lucey,* 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985). Although *Lucey* holds that an accused has a due process right to effective assistance of counsel in pursuing a first appeal from a judgment of conviction if that appeal is granted by a state as of right, *Lucey* does nothing to undermine the validity of the concerns expressed in *Groesbeck* that an accused cannot delay unreasonably the bringing of a claim for relief. After the passage of many years, it may become difficult, or even impossible, to prove or disprove allegations of error in a criminal proceeding. Therefore, a person risks losing rights he waits too long to assert. *See Engle v. Isaac,* 456 U.S. 107, 126–27, 102 S.Ct. 1558, 1571, 71 L.Ed.2d 783 (1982).

In this case, the district court's reliance on *Groesbeck* was warranted. Appellant's petition was filed thirteen years after his conviction, and eleven years after his appeal had been dismissed. Moreover, appellant did nothing prior to bringing this petition to challenge the dismissal of his appeal.[1] Appellant's delay in bringing this petition was clearly unreasonable, and has made any meaningful review of his contentions impossible. Therefore, we conclude that appellant's petition was properly dismissed by the district court. We further conclude that appellant cannot demonstrate error on appeal, and that briefing and argument are not warranted. *See Luckett v. Warden,* 91 Nev. 681, 682, 541 P.2d 910, 911, (1975), *cert. denied,* 423 U.S. 1077, 96 S.Ct. 864, 47 L.Ed.2d 88 (1976). Accordingly, we

ORDER this appeal dismissed.[2]

**434**

The text of the court's opinion was accompanied by the following footnotes:

1 Although appellant claims that he did not know until 1983 that his appeal had been dismissed, the record shows that on two occasions in 1974, the clerk of this court notified appellant by letter that his appeal had been dismissed. Even if these notices were not received by appellant, he should have realized that it does not take thirteen years for an appeal to be processed.

2 In light of our disposition of this appeal, we deny as moot appellant's motion for appointment of counsel. *Further, we have considered appellant's brief filed herein and have concluded that the arguments set forth in the brief lack merit.* (emphasis added).

The Nevada Supreme Court's reliance on the law of Nevada as an independent state ground for its rejection of Anselmo's collateral attack on federal constitutional grounds is clear and plain. Accordingly, Anselmo's federal constitutional claims are procedurally barred.

We may sustain a district court's judgment "on any ground finding support in the record." *Bowen v. United States Parole Comm'n*, 805 F.2d 885, 887 (9th Cir. 1986). Under *Harris v. Reed*, the fact that the Nevada Supreme Court reached the merits of Anselmo's claims is not controlling. "By its very definition, the adequate and independent state ground doctrine requires the federal court to honor a state holding that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law." *Id.* 109 S.Ct. at 1044 fn. 10.

**B. Cause and Actual Prejudice.**

 In its order denying Anselmo's habeas corpus petition, the district court did reach the question whether cause or actual prejudice excused the procedural default, presumably because it found that the procedural bar doctrine was inapplicable based on the law of this circuit prior to *Harris v. Reed.*

A federal constitutional claim that was rejected by a state's highest court on an independent state ground, is, nevertheless, reviewable, if "cause" and "actual prejudice" are shown. *Wainwright v. Sykes*, 433 U.S. 72, 84, 97 S.Ct. 2497, 2505, 53 L.Ed.2d 594 (1977). The Nevada Supreme

Court concluded that consideration of Anselmo's claims was barred because the thirteen-year delay in filing the petition for habeas corpus was "clearly unreasonable and made any meaningful review of his contentions impossible." Anselmo has not attempted to demonstrate that the thirteen-year delay is justifiable. Instead, he argues: "In this case, the government claims that, due to the delay in time of bringing the appeal, Mr. Anselmo should be deprived of his fundamental rights. This should not be permitted." Appellant's Opening Brief, page 17. The record shows that Anselmo's federal constitutional claims are procedurally barred under Nevada law because the delay in filing his state petition for a writ of habeas corpus was clearly unreasonable. Anselmo has failed to demonstrate that the thirteen-year delay was justified. Accordingly, we decline to review this federal constitutional attack on his state court conviction.

AFFIRMED.