JAMES W. JACKSON, APPELLANT, *v.* THE STATE OF NEVADA, RESPONDENT.

No. 29254

JAMES W. JACKSON, APPELLANT, *v.* THE STATE OF NEVADA, RESPONDENT.

No. 29256

March 16, 1999                                    973 P.2d 241

*James W. Jackson,* Ely, in Proper Person.

*Frankie Sue Del Papa,* Attorney General, Carson City; *Stewart L. Bell,* District Attorney, Clark County, for Respondent.

---

Before YOUNG, SHEARING and LEAVITT, JJ.

## OPINION

*Per Curiam:*

These are proper person appeals from orders of the district court dismissing appellant's post-conviction petitions for writs of habeas corpus. In the interests of judicial economy, we elect to consolidate these appeals for disposition. NRAP 3(b).

On November 14, 1975, the district court convicted appellant, pursuant to guilty pleas, of one count of robbery in district court case no. C29678 and one count of grand larceny in district court case no. C29225. The district court sentenced appellant to serve a term of eight years in district court case no. C29678 and a concurrent term of five years in district court case no. C29225. Appellant did not appeal from his convictions. In 1982, appellant completed serving both sentences.[1]

On March 19, 1996, approximately fourteen years after appellant had completed serving his sentences for the 1975 convictions, appellant filed a proper person post-conviction petition for a writ of habeas corpus in each district court case. The state opposed the petitions. Appellant's petitions were dismissed by separate orders of the district court. Appellant's subsequent appeals are docketed in this court as Docket Nos. 29254 and 29256.

In his petitions, appellant challenged the validity of his 1975 convictions. Appellant argued that he was deprived of his right to an appeal from the 1975 convictions because he was not advised in either case that he possessed a right to appeal. *See* Lozada v. State, 110 Nev. 349, 871 P.2d 944 (1994). Appellant indicated

---

[1]The district court made a finding of fact that appellant completed serving these sentences on March 10, 1982.

that he was currently serving a term of life without the possibility of parole in the Nevada State Prison in district court case no. C77085. Pursuant to NRS 207.010, the 1975 convictions were used to enhance his sentence in district court case no. C77085.

The Nevada Constitution provides that the district courts have the power to issue writs of habeas corpus "on petition by . . . any person who is held in actual custody in their respective districts, or who has *suffered a criminal conviction in their respective districts and has not completed the sentence imposed pursuant to the judgment of conviction."* Nev. Const. art. 6, § 6(1) (emphasis added); *see also* NRS 34.724(1) ("Any person convicted of a crime and under sentence of death or imprisonment who claims that the conviction was obtained . . . in violation of the Constitution of the United States or the constitution or laws of this state . . . may . . . file a post-conviction petition for a writ of habeas corpus to obtain relief from the conviction . . . ."); *see generally* Maleng v. Cook, 490 U.S. 488, 492 (1989) (stating that the "in custody" requirement for purposes of federal habeas has never been extended "to the situation where a habeas petitioner suffers no *present* restraint from a conviction") (emphasis added). Therefore, a district court may not issue a writ of habeas corpus if the post-conviction petitioner filed the petition challenging the validity of a conviction after having completed the sentence for the challenged conviction.[2]

We conclude that the district court did not err in dismissing appellant's petitions. In 1996, when appellant filed the instant petitions challenging his 1975 convictions, he had completed the sentences imposed pursuant to the 1975 judgments of conviction. The fact that he was confined at the time he filed his habeas corpus petitions, pursuant to a later judgment of conviction, is of no consequence to his present attempt to challenge his 1975 convictions. His present confinement for another conviction does not alter the jurisdictional requirement of the Nevada Constitution that a petitioner must not have completed service of the sentence for the conviction he seeks to challenge at the time he files his petition challenging that conviction. Appellant filed his habeas corpus

---

[2]Moreover, this court has previously recognized that "[h]abeas corpus petitions that are filed many years after conviction are an unreasonable burden on the criminal justice system. . . . [T]here must exist a time when a criminal conviction is final." Groesbeck v. Warden, 100 Nev. 259, 261, 679 P.2d 1268, 1269 (1984). Allowing a petitioner to file a post-conviction habeas corpus petition to challenge a judgment of conviction, after the petitioner has already completed service of the sentence imposed pursuant to that conviction, undermines the varied interests in the finality of criminal convictions.

petitions fourteen years after he had completed service of the 1975 sentences. Accordingly, we affirm the orders of the district court in dismissing appellant's petitions.