130 Nev., Advance Opinion 22

IN THE SUPREME COURT OF THE STATE OF NEVADA

JOHN COLEMAN,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 60715

**FILED**

MAR 2 7 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

Appeal from a district court order denying a post-conviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Linda Marie Bell, Judge.

*Affirmed.*

Turco & Draskovich, LLP, and Robert M. Draskovich Jr. and Gary A. Modafferi, Las Vegas,
for Appellant.

Catherine Cortez Masto, Attorney General, Carson City; Steven B. Wolfson, District Attorney, and Steven S. Owens, Chief Deputy District Attorney, Clark County,
for Respondent.

BEFORE THE COURT EN BANC.

*OPINION*

By the Court, SAITTA, J.:

Appellant John Coleman was convicted of lewdness with a child under the age of 14 years and was given a suspended prison sentence and placed on probation. When he completed his period of probation, he was subject to a special sentence of lifetime supervision. Several years

14-09689

after commencing lifetime supervision, Coleman filed a post-conviction petition for a writ of habeas corpus, asking the district court to release him from lifetime supervision or strike the lifetime supervision requirement. The district court denied the petition. In this appeal, we consider whether a person who is serving a special sentence of lifetime supervision may file a post-conviction petition for a writ of habeas corpus to challenge his judgment of conviction or sentence. We conclude that he cannot. Because lifetime supervision commences only after a person has expired a prison term or period of probation or parole, a person who is subject only to lifetime supervision is not subject to an unexpired prison term that could be imposed upon violation of the conditions of that supervision and therefore is no longer under "sentence of death or imprisonment" as required by NRS 34.724(1). Thus, a person who is subject only to lifetime supervision may not file a post-conviction petition for a writ of habeas corpus. We therefore affirm the district court's order denying Coleman's post-conviction petition for a writ of habeas corpus.

### FACTS AND PROCEDURAL HISTORY

Coleman pleaded guilty in 2002 to lewdness with a child under the age of 14 years. The district court sentenced him to life in prison with the possibility of parole after 10 years, but the court suspended the sentence and placed him on probation for a term of 5 years. As required by NRS 176.0931, the district court also imposed a special sentence of lifetime supervision to begin upon completion of any term of imprisonment, probation, or parole.

In July 2007, Coleman was discharged from probation and began serving his "sentence" or term of lifetime supervision. Consistent with the authority granted by NRS 213.1243, the Board of Parole

Commissioners assigned the conditions of Coleman's lifetime supervision. The conditions apparently included restrictions on where Coleman could reside, his consumption of intoxicants and controlled substances, his possession of weapons and association with certain individuals, his conduct in compliance with all laws, out-of-state travel, contact with any victims or witnesses, obtaining a post office box, contact with minors, and presence in or near certain locations that are frequented by minors.[1] The lifetime supervision agreement also included the conditions required by NRS 213.1243(3)-(5) that further restrict the location of Coleman's residence and his movements. In January 2012, Coleman filed a post-conviction petition for a writ of habeas corpus, seeking release from his sentence and conditions of lifetime supervision. The district court denied his petition.

## DISCUSSION

A challenge to the validity of a judgment of conviction or sentence may be raised in a post-conviction petition for a writ of habeas corpus filed in compliance with the requirements set forth in NRS Chapter 34. NRS 34.724(1) provides that a person "convicted of a crime and under sentence of death or imprisonment" may file a post-conviction petition for a writ of habeas corpus to challenge the conviction, the sentence, or the computation of time served. Accordingly, a post-conviction petition for a writ of habeas corpus cannot be filed by a petitioner who is no longer

---

[1]Coleman has provided a copy of a lifetime supervision agreement in his appendix. Although the document has been redacted such that it is unclear whether it is a copy of Coleman's lifetime supervision agreement, based on the parties' briefing below and on appeal, it appears that the document reflects the conditions that have been imposed on Coleman.

SUPREME COURT
OF
NEVADA

(O) 1947A

under a sentence of death or imprisonment for the conviction at issue. *See* NRS 34.724(1); *see also Jackson v. State*, 115 Nev. 21, 23, 973 P.2d 241, 242 (1999) (concluding that a petitioner was not entitled to file a post-conviction petition for a writ of habeas corpus when he was no longer incarcerated pursuant to the judgment of conviction contested); Nev. Const. art. 6, § 6(1) (permitting district courts to issue writ of habeas corpus for a person "who has suffered a criminal conviction . . . and has not completed the sentence imposed pursuant to the judgment of conviction").

Whether a sentence of lifetime supervision, imposed pursuant to NRS 176.0931, qualifies as a sentence of imprisonment within the meaning of NRS 34.724(1) is a matter of statutory interpretation. When interpreting a statutory provision, this court will look first to the plain language of a statute and will enforce the statute as written if the statute's language is clear and the meaning plain. *See Hobbs v. State*, 127 Nev. ___, ___, 251 P.3d 177, 179 (2011); *see also State v. Catanio*, 120 Nev. 1030, 1033, 102 P.3d 588, 590 (2004) ("We must attribute the plain meaning to a statute that is not ambiguous.").

NRS 34.724(1) allows a person who is "under a sentence of . . . imprisonment" to file a post-conviction habeas petition. A sentence of imprisonment is one that requires a person to be placed in a prison or some other place of confinement. *See Black's Law Dictionary* 825 (9th ed. 2009) (defining "imprison"). Obviously, a person who is incarcerated is under a sentence of imprisonment. But lifetime supervision clearly is not itself a sentence of imprisonment. A person who is on lifetime supervision is supervised by parole and probation officers and there are restrictions on where the person may reside, but the person is not placed in a prison or another place of confinement. *See generally* NRS 213.1243.

In some circumstances a person who is not in a prison or another place of confinement may nonetheless be under a sentence of imprisonment. For example, a person who is on probation is under a sentence of imprisonment because the person has been sentenced to a prison term but the sentence has been suspended. If the probationer violates a condition of probation, the suspended sentence of imprisonment may be enforced. NRS 176A.630. Similarly, a person who has been released from prison on parole is under a sentence of imprisonment because he remains subject to an unexpired term of imprisonment. If the parolee violates a condition of parole, he may be imprisoned on the unexpired sentence. NRS 213.1517(1); NRS 213.1519(1). Although the conditions of probation or parole may be similar to conditions of lifetime supervision,[2] the conditions are not what place a probationer and parolee under a sentence of imprisonment. The probationer and parolee remain under a sentence of imprisonment because of the suspended or unexpired prison term set forth in the judgment of conviction. The same is not true for a person who is on lifetime supervision.

The special sentence of lifetime supervision "commences after any period of probation or any term of imprisonment and any period of

_____

[2]*Compare* NRS 176A.400(1) (providing nonexhaustive list of conditions that may be imposed on probationer), NRS 176A.410 (providing additional conditions of probation for defendant convicted of a "sexual offense"), NRS 176A.420 (providing for random drug testing as condition of probation), NRS 176A.430 (providing for restitution as a condition of probation), *and* NRS 213.12175 (providing nonexhaustive list of conditions that parole board may impose on parolee), *with* NRS 213.1243(3)-(5) (providing conditions of lifetime supervision that must be included in certain circumstances), *and supra* Facts and Procedural History (describing conditions of Coleman's lifetime supervision).

Supreme Court
OF
Nevada

(O) 1947A

5

release on parole." NRS 176.0931(2); *see also* NRS 213.1243(1). Under the plain language of the statute, lifetime supervision begins only *after* the person has been discharged from any further obligations of probation or has expired his prison term while incarcerated or on parole. Therefore, unlike a probationer or parolee, a person on lifetime supervision is not subject to a suspended or unexpired sentence of imprisonment set forth in the judgment of conviction that may be enforced upon a violation of the conditions of lifetime supervision.[3] Instead, when a person on lifetime supervision violates a condition of that supervision, the violation is a new, separate and distinct offense, NRS 213.1243(8), and will result in the person being under a sentence of imprisonment only if he is charged with, convicted of, and sentenced for that offense.[4] In that event, the person is under a sentence of imprisonment based on the new judgment of

---

[3]NRS 213.1243(2) deems lifetime supervision to be "a form of parole" for limited purposes that do not affect our analysis of the issue presented here.

[4]Currently, a person who violates a condition of lifetime supervision "is guilty of a category B felony and shall be punished by imprisonment in the state prison for a minimum term of not less than 1 year and a maximum term of not more than 6 years." NRS 213.1243(8). A prior version of the statute distinguished between minor and major violations with a minor violation being a misdemeanor and a major violation being a category B felony. NRS 213.1243(3) (2005), *amended by* 2007 Nev. Stat., ch. 528, § 8, at 3257. A "major violation" was one that posed "a threat to the safety or well-being of others" *and* involved: a gross misdemeanor, a felony, or a crime involving a minor victim; the use of a deadly weapon, explosive, or firearm; the use or threatened use of force or violence; death or bodily injury; domestic violence; harassment, threats, or stalking; or the forcible or unlawful entry of any structure or vehicle in which another person was present. NRS 213.1243(5) (2005), *repealed by* 2007 Nev. Stat., ch. 528, § 8, at 3258.

conviction, not the lifetime supervision. A person on lifetime supervision therefore is not in the same position as a probationer or parolee. Accordingly, we conclude that a person who is subject only to lifetime supervision is not under a sentence of imprisonment within the meaning of NRS 34.724(1) and therefore cannot file a post-conviction petition for a writ of habeas corpus to challenge his sentence.

Coleman contends that he is left without a remedy if he cannot challenge his sentence and conditions of lifetime supervision in a post-conviction petition for a writ of habeas corpus. Even assuming this was correct, the post-conviction petition for a writ of habeas corpus is a creature of statute and we cannot ignore the plain language of NRS 34.724(1) that restricts its use. The State acknowledges that while traditional post-conviction relief is not available, Coleman could still pursue injunctive relief pursuant to NRS 33.010. Although we do not attempt to catalogue the full panoply of remedies available to challenge the conditions of lifetime supervision including the extent to which the conditions could be challenged in defense of a charge under NRS 213.1243(8) for violating a condition of lifetime supervision, we note that some challenges to those conditions may be pursued in a civil rights action under 42 U.S.C. § 1983. Nevada law also provides a means for Coleman to petition to be released from lifetime supervision if he meets certain conditions. NRS 176.0931(3). Coleman therefore is not left without a remedy.

Because Coleman had been discharged from probation and therefore was no longer under a sentence of imprisonment when he filed his post-conviction petition for a writ of habeas corpus, he was not eligible

for post-conviction habeas relief.  Therefore, we affirm the order of the district court denying his petition.

_____, J.
Saitta

We concur:

_____, C.J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

SUPREME COURT
OF
NEVADA

(O) 1947A