An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

BRANDYN WILLIAM GAYLER,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 65513

**FILED**

JUN 1 2 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER DISMISSING APPEAL*

This is a proper person appeal from a purported order denying a post-conviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Jerome T. Tao, Judge.

Our review of this appeal reveals a jurisdictional defect. On April 17, 2014, the district court entered an order declining to consider a second petition because an appeal was pending from the denial of appellant's first post-conviction petition for a writ of habeas corpus. The decision declining to consider the second petition at this time is not a final

SUPREME COURT
OF
NEVADA

(O) 1947A

14-19326

decision.[1]   Thus, because appellant failed to designate an appealable

order, we lack jurisdiction over this appeal, and we

ORDER this appeal DISMISSED.[2]

_____ , J.
Pickering

_____ , J.
Parraguirre

_____ , J.
Saitta

---

[1]The order entered by the court had the effect of taking the second petition off calendar pending the resolution of his appeal in *Gayler v. State*, Docket No. 64980. Upon resolution of the appeal in Docket No. 64980, appellant may file a motion to place the petition back on the court's calendar. The appeal pending in *Gayler v. State*, Docket No. 65306 from the denial of his motions to modify and correct sentence would not deprive the district court from considering his second habeas corpus petition as habeas corpus is a separate, collateral remedy attacking the validity of the judgment of conviction and sentence. NRS 34.724(2)(a) (providing that a habeas corpus petition is not a substitute for and does not motions incident to the proceedings in the trial court); NRS 34.730(3) (providing that the clerk of the district court shall file a habeas corpus petition as a new action separate and distinct from any original proceeding in which a conviction has been had); *Groesbeck v. Warden*, 100 Nev. 259, 260, 679 P.2d 1268, 1268-69 (1984) (recognizing that a post-conviction habeas corpus petition is a petition seeking collateral review).

[2]We have received the documents submitted in this appeal, and in light of the disposition of this appeal we deny the relief requested.

cc: Hon. Jerome T. Tao, District Judge
Brandyn William Gayler
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk