An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

JOHN INGEBRETSEN,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 58863

FILED

JUN 1 2 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from an order of the district court denying appellant John Ingebretsen's post-conviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Elissa F. Cadish, Judge.

Ingebretsen filed a petition on February 18, 2011, challenging the validity of the judgment of conviction and sentence in district court case number C175709. On appeal, Ingebretsen argues that the district court erred in denying his petition as non-justiciable and procedurally barred. At the time Ingebretsen filed his petition in the district court, he had expired his sentence of imprisonment and was subject only to lifetime supervision. A person on lifetime supervision may not file a post-conviction petition for a writ of habeas corpus because he is not under a sentence of death or imprisonment as required by NRS 34.724. *See Coleman v. State*, 130 Nev. ___, ___, 321 P.3d 863, 867 (2014). Therefore, because Ingebretsen did not meet the imprisonment requirement of NRS

SUPREME COURT
OF
NEVADA

(O) 1947A

14-19256

34.724, he was not eligible for post-conviction habeas relief.[1]  *See id.*  For this reason, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

cc:     Hon. Elissa F. Cadish, District Judge
        Federal Public Defender/Las Vegas
        Attorney General/Carson City
        Clark County District Attorney
        Eighth District Court Clerk

---

[1]Ingebretsen argues that he satisfied the imprisonment requirement because, at the time that he filed the petition, he had been arrested and released on bail for a charge of violating the conditions of lifetime supervision.  A violation of lifetime supervision, however, is a separate offense and does not alter the fact that Ingebretsen was no longer under sentence of imprisonment in district court case number C175709 when he filed the petition.  *See Jackson v. State*, 115 Nev. 21, 23, 973 P.2d 241, 242 (1999); *Coleman*, 130 Nev. at ___, 321 P.3d at 865-67.