132 Nev., Advance Opinion 61

## IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| LAZARO MARTINEZ-HERNANDEZ, A/K/A LAZARO MARTINEZHERNANDEZ, Appellant, vs. THE STATE OF NEVADA, Respondent. | No. 69169 FILED AUG 12 2016 TRACIE K. LINDEMAN CLERK OF SUPREME COURT BY CHIEF DEPUTY CLERK |

Appeal from a district court order denying a postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Michael Villani, Judge.

*Reversed and remanded.*

Law Office of Terrence M. Jackson and Terrence M. Jackson, Las Vegas, for Appellant.

Adam Paul Laxalt, Attorney General, Carson City; Steven B. Wolfson, District Attorney, Steven S. Owens, Chief Deputy District Attorney, and Ryan J. MacDonald, Deputy District Attorney, Clark County, for Respondent.

---

BEFORE HARDESTY, SAITTA and PICKERING, JJ.

### OPINION

By the Court, SAITTA, J.:

It is settled law that a petitioner must either be imprisoned or under supervision as a probationer or parolee in order to file a postconviction petition for a writ of habeas corpus challenging the validity of a judgment of conviction. In this case, we are asked to decide whether a

11/3/16: Corrected per letter to publishers. CJ

16-25001

petition filed under these conditions later becomes moot once the petitioner is released.

We hold that a habeas petition challenging the validity of a judgment of conviction filed while the petitioner is imprisoned or under supervision does not become moot when the petitioner is released if there are continuing collateral consequences stemming from that conviction. We further hold that continuing collateral consequences are presumed to flow from a criminal conviction. Therefore, we hold that the petition is not moot, and we reverse the district court's order and remand this case for further proceedings.

## FACTUAL AND PROCEDURAL HISTORY

### The original conviction

On February 5, 2008, appellant Lazaro Martinez-Hernandez was found guilty by a jury of one count of assault with a deadly weapon. He was sentenced to 36 months in prison with parole eligibility after 12 months. The district court suspended the sentence and placed Martinez-Hernandez on probation for an indeterminate period of time not to exceed three years. A judgment of conviction was entered, from which Martinez-Hernandez did not appeal.

In 2010, Martinez-Hernandez stipulated to having violated the conditions of his probation. Accordingly, the district court revoked his probation and imposed the original sentence with a 96-day credit for time served. An amended judgment of conviction was issued, from which Martinez-Hernandez again did not appeal.

### The habeas petition

On February 1, 2011, Martinez-Hernandez, while still imprisoned, filed a postconviction petition for a writ of habeas corpus in which he alleged ineffective assistance of counsel and appeal deprivation.

On July 19, 2013, the district court granted the petition in part, finding that Martinez-Hernandez was wrongfully deprived of an appeal and, as such, was entitled to file an untimely appeal as provided in NRAP 4(c). The district court did not address the other ineffective-assistance-of-counsel claims. Martinez-Hernandez subsequently filed his direct appeal from the judgment of conviction, and on July 22, 2014, this court affirmed Martinez-Hernandez's conviction and sentence in an unpublished order.

On February 24, 2015, Martinez-Hernandez filed a supplement to the 2011 petition, in which he again alleged ineffective assistance of counsel. After a hearing and additional briefing, the district court dismissed Martinez-Hernandez's petition as moot because he was no longer in custody, on probation, or on parole.

Martinez-Hernandez now appeals. The issue on appeal is whether his postconviction petition for a writ of habeas corpus was rendered moot by his release from physical custody.

## DISCUSSION

> This court has frequently refused to determine questions presented in purely moot cases. Cases presenting real controversies at the time of their institution may become moot by the happening of subsequent events. A moot case is one which seeks to determine an abstract question which does not rest upon existing facts or rights.

*Nat'l Collegiate Athletic Ass'n v. Univ. of Nev., Reno*, 97 Nev. 56, 58, 624 P.2d 10, 11 (1981) (citations omitted). Whether an issue is moot is a question of law that we review de novo. *See Stevenson v. State*, 131 Nev., Adv. Op. 61, 354 P.3d 1277, 1280 (2015).

The Nevada Constitution states:

> The District Courts and the Judges thereof shall also have power to issue writs of Habeas Corpus on petition by, or on behalf of any person who is held in actual custody in their respective districts, or who has suffered a criminal conviction in their respective districts and has not completed the sentence imposed pursuant to the judgment of conviction.

Nev. Const. art. 6, § 6. We have held that a petitioner must either be imprisoned or "under supervision as a probationer or parolee" in order to file a petition for a writ of habeas corpus. *Coleman v. State*, 130 Nev., Adv. Op. 22, 321 P.3d 863, 865-66 (2014); *Jackson v. State*, 115 Nev. 21, 23, 973 P.2d 241, 242 (1999); *see also* NRS 34.724. The issue in this case, however, is whether a postconviction habeas petition that is filed while the petitioner is imprisoned later becomes moot when the petitioner is released from physical custody and supervision. We have never addressed this issue. However, decisions by this court and the United States Supreme Court suggest that a petition that was filed while the petitioner was imprisoned or under supervision does not necessarily become moot after the petitioner's sentence has expired.

*Other jurisdictions allow proceedings on habeas petitions to continue where collateral consequences exist stemming from the conviction*

In *Carafas v. LaVallee*, the United States Supreme Court considered whether, when a petitioner has timely filed a federal habeas corpus petition while imprisoned, the expiration of a petitioner's sentence and his unconditional release from prison prior to the final adjudication of habeas proceedings renders his petition moot. 391 U.S. 234, 237 (1968). The *Carafas* petitioner had been convicted of burglary and grand larceny in New York state court. *Id.* at 235. Because of his convictions, he could

SUPREME COURT
OF
NEVADA

(O) 1947A

not engage in certain businesses, vote in state elections, or serve as a juror. *Id.* at 237. The Supreme Court concluded that because of these "collateral consequences," the *Carafas* petitioner's habeas claim was not moot. *Id.* at 237-38. The *Carafas* court reasoned that due to the "disabilities or burdens" that may have resulted from the petitioner's conviction, he possessed "a substantial stake in the judgment of conviction which survives the satisfaction of the sentence imposed on him." *Id.* at 237 (internal quotations omitted). The court further stated that a habeas petitioner "should not be . . . required to bear the consequences of [an] assertedly unlawful conviction simply because the path has been so long that he has served his sentence." *Id.* at 240.

This court has recognized that the collateral consequences stemming from a criminal conviction can prevent mootness, albeit in the context of a direct appeal. *Knight v. State*, 116 Nev. 140, 143-44, 993 P.2d 67, 70 (2000). In *Knight*, this court reconsidered a previous case holding that "an appeal in a misdemeanor or gross misdemeanor case [is] rendered moot by satisfaction of a fine or completion of a defendant's sentence" because "no effective relief would accrue from reversal of the defendant's conviction if the fine had been paid or the sentence served." *Id.* at 143, 993 P.2d at 70. In overruling the previous case, the *Knight* court recognized that "criminal convictions carry with them certain collateral consequences," such as the "impact [they have on] penalty considerations in a subsequent criminal action." *Id.* Therefore, the *Knight* court held that "satisfaction of a fine or completion of a sentence [does not] render[] a timely appeal from a criminal conviction moot." *Id.* at 143-44, 993 P.2d at 70.

SUPREME COURT
OF
NEVADA

(O) 1947A

We therefore hold, consistent with the *Knight* case and with the Supreme Court's jurisprudence in *Carafas*, that in instances where collateral consequences of a conviction exist, a habeas petition challenging the validity of a judgment of conviction does not become moot when the petitioner, who was in custody at the time the petition was filed, is released from custody subsequent to the filing of the petition.[1]

*A criminal conviction creates a presumption that collateral consequences exist*

> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole—some "collateral consequence" of the conviction—must exist if the suit is to be maintained.

*Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Examples of collateral consequences due to a conviction identified by the United States Supreme Court include being prohibited from: (1) engaging in certain businesses, (2) voting in state elections, and (3) serving as a juror. *Carafas*, 391 U.S. at 237. In *Spencer*, the Supreme Court went even further and held that there is a *presumption* that "a wrongful criminal conviction has continuing

---

[1]However, we note that completion of a defendant's sentence may still render a challenge to the sentence itself moot. *See generally Johnson v. Dir., Dep't of Prisons*, 105 Nev. 314, 316, 774 P.2d 1047, 1049 (1989) (stating that expiration of a defendant's sentence rendered any question concerning computation of the sentence moot).

SUPREME COURT
OF
NEVADA

(O) 1947A

collateral consequences [for the purposes of mootness]." 523 U.S. at 8. However, some state courts decide on a case-by-case basis whether the collateral consequences claimed by a petitioner are sufficient to preclude a finding that the case is moot. *See, e.g.*, *Gural v. State*, 251 A.2d 344, 344-45 (Del. 1969); *Duran v. Morris*, 635 P.2d 43, 45 (Utah 1981); *E.C. v. Va. Dep't of Juvenile Justice*, 722 S.E.2d 827, 835 (Va. 2012).

Our caselaw supports the adoption of the presumption of collateral consequences articulated by the Supreme Court in *Spencer*. In *Knight*, this court identified the impact that a conviction may have on penalty considerations in a subsequent criminal action as a collateral consequence that prevents mootness. 116 Nev. at 143, 993 P.2d at 70. The *Knight* court reasoned that "it is an 'obvious fact of life that most criminal convictions do in fact entail adverse collateral legal consequences.'" *Id.* (quoting *Spencer*, 523 U.S. at 12). By citing to *Spencer* for this proposition, we believe that the *Knight* court was moving toward the adoption of *Spencer*'s presumption of continuing collateral consequences, even if it did not explicitly so state. Therefore, we hold that there is a presumption that continuing collateral consequences exist whenever there is a criminal conviction, and thus, the district court erred in summarily dismissing Martinez-Hernandez's petition as moot.

## CONCLUSION

A postconviction petition for a writ of habeas corpus challenging the validity of a judgment of conviction filed while the petitioner is imprisoned or under supervision as a probationer or parolee does not become moot when the petitioner is released if there are continuing collateral consequences stemming from that conviction. Furthermore, a criminal conviction creates a presumption that continuing collateral consequences exist. Given this presumption, the district court

erred in summarily dismissing the petition as moot. We therefore ~~we~~ reverse and remand this case for further proceedings consistent with this opinion.

_____, J.
Saitta

We concur:

_____, J.
Hardesty

_____, J.
Pickering