# IN THE SUPREME COURT OF THE STATE OF NEVADA

RICARDO CORBETRA LOSADA,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 71787

FILED

JUN 15 2017

## *ORDER OF AFFIRMANCE*

This is an appeal from an order denying a postconviction petition for a writ of habeas corpus, or alternatively a writ of audita querela. Eighth Judicial District Court, Clark County; Eric Johnson, Judge. We conclude that the district court did not err in denying relief.

In 2016, Ricardo Losada filed a petition requesting the district court reduce the sentence imposed or vacate his 1996 judgment of conviction for attempted armed robbery due to adverse immigration consequences that have arisen since imposition of the judgment.

Losada argues that habeas corpus is an available remedy to correct a manifest injustice and allowing him to be removed on the basis of his 1996 conviction would result in manifest injustice. We conclude that the district court properly determined that a habeas corpus petition was not the proper vehicle for this challenge because Losada was not in custody on the judgment being attacked. *See Jackson v. State*, 115 Nev. 21, 23, 973 P.2d 241, 242 (1999); *see also* Nev. Const. art. 6, § 6(1).

Losada next argues that the common law writ of audita querela is an appropriate and available remedy to seek relief from a judgment of conviction and it has been used to provide purely equitable relief by at least two federal district courts. *See United States v.*

*Ghebreziabher*, 701 F. Supp. 115 (E.D. La. 1988); *United States v. Salgado*, 692 F. Supp. 1265 (E.D. Wa. 1988).

The district court did not err in determining that a petition for a writ of audita querela was not an available remedy from a judgment of conviction in a criminal case. Audita Querela, a civil remedy that was available at common law to a judgment debtor to obtain relief from execution of a judgment, *see Audita Querela*, Black's Law Dictionary (10th ed. 2014) ("A writ available to a judgment debtor who seeks a rehearing of a matter on grounds of newly discovered evidence or newly existing legal defenses."), was abolished in Nevada by NRCP 60(b). Losada has not pointed to any Nevada authority recognizing audita querela in civil or criminal cases. Even assuming that audita querela were to be recognized in Nevada, Losada improperly seeks to expand the writ far beyond its common law scope. *See Trujillo v. State*, 129 Nev. 706, 310 P.3d 594 (2013) (recognizing that the Nevada Constitution and NRS 1.030 would authorize recognition of the common law writ of coram nobis, but that this authority limits the scope to the writ's common law function). At common law, the writ was not recognized to be a purely equitable remedy, and Losada has not provided any legal objection to the judgment of conviction itself. *See Doe v. I.N.S.*, 120 F.3d 200, 203-04 (9th Cir. 1997) (recognizing that the defense or discharge must be a legal defect in the conviction and that "[t]o re-cast *audita querela* as an avenue for purely equitable relief would violate separation of powers"); *see also* Theodore F.T. Plunkett, A Concise History of the Common Law 394 (5th ed. 1956) ("It may be added that the defences [sic] available do not seem to extend beyond the common law's traditional relief against the abuse of legal procedure, and that there seems to be no ground for regarding *audita querela* as being particularly

'equitable' in its nature."). We find the decisions in *Salgado* and *Ghebreziabher* expanding the scope of the common law writ to allow for equitable relief in a criminal case to be unpersuasive. Accordingly, we ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc: Hon. Eric Johnson, District Judge
Mueller Hinds & Associates
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk