**133 Nev., Advance Opinion 106**

# IN THE COURT OF APPEALS OF THE STATE OF NEVADA

ANTHONY JACKSON, A/K/A
ANTHONY RASHARD JOHNSON,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 70870

**FILED**

DEC 28 2017



ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Appeal from a district court order revoking probation and an amended judgment of conviction. Eighth Judicial District Court, Clark County; Kerry Louise Earley, Judge.

*Affirmed.*

Philip J. Kohn, Public Defender, and Maxwell A. Berkley, Deputy Public Defender, Clark County,
for Appellant.

Adam Paul Laxalt, Attorney General, Carson City; Steven B. Wolfson, District Attorney, and Krista D. Barrie, Chief Deputy District Attorney, Clark County,
for Respondent.

BEFORE SILVER, C.J., TAO and GIBBONS, JJ.

17-902729

## *OPINION*

By the Court, GIBBONS, J.:

In this appeal, we address the limited nature of an appeal taken from an amended judgment of conviction. We conclude that, in an appeal taken from an amended judgment of conviction, the appellant may only raise challenges that arise from the amendments made to the original judgment of conviction. Because appellant Anthony Jackson does not challenge the amendments made to his original judgment of conviction, we affirm.

## *FACTS*

Jackson pleaded guilty pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970), to one count of possession of a dangerous weapon. The district court adjudicated him guilty of the dangerous weapon charge and sentenced him to 364 days in the county jail. The district court suspended the sentence, placed Jackson on probation for an indeterminate period not to exceed one year, and ordered the sentence to run concurrently with Jackson's sentence in a California case. Jackson did not pursue a direct appeal.

The State subsequently accused Jackson of violating the conditions of his probation. The district court conducted a probation revocation hearing and determined Jackson had violated his probation. The district court ordered Jackson's probation revoked, amended his jail sentence by reducing it from 364 days to 300 days, and awarded him 46 days' credit for time served. This appeal follows.

## DISCUSSION

Jackson claims his sentence of "three hundred sixty-four (364) days concurrent with his California case, suspended and placed on probation for one year concurrent with his California case," constitutes cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution and Article 1, Section 6, of the Nevada Constitution. Because Jackson's claim plainly challenges the constitutionality of the sentence imposed in his original judgment of conviction, we must consider whether an appellant may raise claims that arise from the original judgment of conviction in an appeal taken from an amended judgment of conviction.

In *Sullivan v. State*, the Nevada Supreme Court addressed a similar issue when it considered whether the entry of an amended judgment of conviction provided good cause to overcome the procedural bar to an untimely filed postconviction petition for a writ of habeas corpus. 120 Nev. 537, 96 P.3d 761 (2004). Sullivan filed his postconviction habeas petition more than one year after the remittitur issued on direct appeal, but because the petition was filed within one year of the entry of the amended judgment of conviction, the parties stipulated to treating the petition as timely, and the district court denied the petition on the merits. *Id.* at 539, 96 P.3d at 763.

The Nevada Supreme Court noted that a judgment of conviction may be amended at any time to correct an illegal sentence or clerical error and an amended judgment may be entered years or decades after entry of the original judgment of conviction. *Id.* at 540, 96 P.3d at 764. The court reasoned that restarting the one-year time period for all purposes after an

amendment occurred would frustrate the purposes of NRS 34.726 and "would undermine the doctrine of finality of judgments by allowing petitioners to file post-conviction habeas petitions in perpetuity." *Id.* The court therefore concluded that the one-year statutory time limit for filing a postconviction habeas petition did not automatically restart upon the filing of an amended judgment of conviction. *Id.* at 540-41, 96 P.3d at 764.

The Nevada Supreme Court has "long emphasized the importance of the finality of judgments." *Trujillo v. State*, 129 Nev. 706, 717, 310 P.3d 594, 601 (2013); *see also Groesbeck v. Warden*, 100 Nev. 259, 261, 679 P.2d 1268, 1269 (1984). The Nevada Supreme Court's reasoning in *Sullivan* with regard to the finality of judgments applies to the issue raised by this appeal. As the *Sullivan* court noted, an amended judgment of conviction can be entered years, or even decades, after entry of the original judgment of conviction. *See Sullivan*, 120 Nev. at 540, 96 P.3d at 764. Allowing a defendant in an appeal from an amended judgment of conviction to raise challenges that could have been raised on appeal from the original judgment of conviction would undermine the doctrine of finality of judgments by allowing a defendant to challenge the original judgment of conviction in perpetuity. The entry of an amended judgment of conviction should not provide a basis for raising claims that could have, and should have, been raised on appeal from the original judgment of conviction. *See Franklin v. State*, 110 Nev. 750, 752, 877 P.2d 1058, 1059 (1994) (providing that "claims that are appropriate for a direct appeal must be pursued on direct appeal, or they will be considered waived in subsequent proceedings"), *overruled on other grounds by Thomas v. State*, 115 Nev. 148, 979 P.2d 222 (1999). Therefore, we conclude that in an appeal taken from

an amended judgment of conviction, the appellant may only raise challenges that arise from the amendments made to the original judgment of conviction.

Jackson appeals from his amended judgment of conviction. Jackson does not challenge the revocation of his probation or the amendment of his sentence. Instead, he only challenges the constitutionality of the sentence imposed in the original judgment of conviction. We conclude this claim is not properly raised in this appeal. Accordingly, we affirm the amended judgment of conviction.

_____, J.
Gibbons

We concur:

_____, C.J.
Silver

_____, J.
Tao

Court of Appeals
of
Nevada

(O) 1947B