# IN THE SUPREME COURT OF THE STATE OF NEVADA

STEVEN FLOYD VOSS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 77697

FILED

OCT 24 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a pro se appeal from a district court order denying a postconviction petition for a writ of habeas corpus.[1] Second Judicial District Court, Washoe County; Jerome M. Polaha, Judge. The district court denied appellant Steven Floyd Voss's petition as procedurally barred. Voss argues that he had good cause to excuse the untimeliness of his petition based on a recent clerical amendment to the judgment of conviction. We disagree and affirm.

Voss's postconviction habeas petition was untimely because it was filed more than 19 years after remittitur issued on direct appeal on June 20, 2000. *See* NRS 34.726(1); *Voss v. State*, Docket No. 32830 (Order Vacating in Part and Affirming in Part, May 24, 2000). Voss's petition was also successive because he had previously filed several postconviction habeas petitions and an abuse of the writ because he asserted a new claim

---

[1]Having considered the pro se brief filed by appellant, we conclude that a response is not necessary, NRAP 46A(c), and that oral argument is not warranted, NRAP 34(f)(3). This appeal therefore has been decided based on the pro se brief and the record. *Id.*

19-44066

that could have been raised in a prior petition.[2] *See* NRS 34.810(1)(b)(2); NRS 34.810(2). Thus, his petition was procedurally barred absent a demonstration of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(3).

Voss argues that the district court erroneously rejected his showing of good cause. He argued below that his claim that counsel should have alleged a double jeopardy violation based on his convictions for both first-degree kidnapping and first-degree murder was not reasonably available until the judgment of conviction was corrected to state the degree of murder of which he was convicted.[3] Voss is mistaken. The trial record makes clear that the murder conviction was for first-degree murder; for example, the jury instructions and verdict form only addressed first-degree murder and the trial judge at sentencing expressly adjudicated Voss guilty of first-degree murder. While Voss was charged with open murder, there

---

[2]*Voss v. State*, Docket No. 73468 (Order of Affirmance, Ct. App., January 9, 2018); *Voss v. Warden*, Docket No. 69900 (Order Denying Rehearing and Vacating Prior Order and Corrected Order of Affirmance, Ct. App., August 17, 2016); *Voss v. Warden*, Docket No. 66508 (Order of Affirmance, Ct. App., March 18, 2015); *Voss v. State*, Docket No. 62746 (Order of Affirmance, December 17, 2013); *Voss v. State*, Docket No. 54033 (Order of Affirmance, September 29, 2010) (affirming the denial of two separate postconviction habeas petitions).

[3]On appeal Voss asserts the double jeopardy claim as an independent claim for relief. Voss also argues that the original judgment of conviction was infirm because it did not state the degree of the murder. These claims are waived as they could have been raised on direct appeal. *See* NRS 34.810(1)(b). The entry of an amended judgment of conviction does not allow Voss to raise claims that could have been raised on direct appeal from the original judgment of conviction. *See Jackson v. State*, 133 Nev. 880, 881-82, 410 P.3d 1004, 1006 (Ct. App. 2017).

was no confusion as to Voss's murder conviction, and Voss acknowledged that he was convicted of first-degree murder in his timely October 9, 2000, pro se postconviction habeas petition. As this claim of ineffective assistance of counsel was reasonably available to be raised in a timely petition, Voss has not shown good cause to excuse his delay in raising it or failure to raise it in a prior proceeding. *See Hathaway v. State*, 119 Nev. 248, 253, 71 P.3d 503, 506 (2003). As Voss did not show good cause, we conclude that the district court correctly applied the mandatory procedural bars. *See State v. Eighth Judicial Dist. Court (Riker)*, 121 Nev. 225, 231, 112 P.3d 1070, 1074 (2005).

Having considered Voss's contentions and concluded that they do not warrant relief, we

ORDER the judgment of the district court AFFIRMED.[4]

_____, C.J.
Gibbons

_____, J.
Parraguirre

_____, Sr. J.
Douglas

cc:    Hon. Jerome M. Polaha, District Judge
       Steven Floyd Voss
       Attorney General/Carson City
       Washoe County District Attorney
       Washoe District Court Clerk

---

[4]The Honorable Michael Douglas, Senior Justice, participated in the decision of this matter under a general order of assignment.