IN THE SUPREME COURT OF THE STATE OF NEVADA

WILLIAM PAUL BRIGGS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 82443

FILED

NOV 10 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF REVERSAL AND REMAND*

This is an appeal from a district court order denying a postconviction petition for a writ of habeas corpus. Fifth Judicial District Court, Nye County; Kimberly A. Wanker, Judge.

Appellant William Briggs argues that the district court erred by denying his postconviction petition. On June 24, 2020, Briggs attempted, in person, to file a petition challenging his misdemeanor conviction for battery constituting domestic violence second offense, but the district court clerk refused to file the petition. However, the clerk informed Briggs the next day that he could mail the petition for filing and the clerk's office would backdate the petition to the day he attempted to file it in person. Briggs mailed the petition five days later. The district court denied the petition based on Briggs' delayed mailing, the procedural time bar, and technical deficiencies in the petition. The district court's decision is flawed in several respects.

First, the district court denied the petition because Briggs waited five days to mail it after being informed he could do so. The delay, however, was caused by the clerk's breach of its ministerial duty to accept and file the petition when it was presented regardless of any perceived

21-32378

defects in the petition.[1] *See Sullivan v. Eighth Judicial Dist. Court*, 111 Nev. 1367, 1371, 904 P.2d 1039, 1041 (1995) (explaining that "[t]his court has several times confirmed the absolute obligation of the district courts to file documents submitted to them"); *Bowman v. Eighth Judicial Dist. Court*, 102 Nev. 474, 478, 728 P.2d 433, 435 (1986) ("The clerk has a ministerial duty to accept and file documents."). Further, the record does not reflect that the clerk informed Briggs of any deadline to mail the petition after erroneously refusing to file it. Given the circumstances, we conclude a five-day delay was not unreasonable and the district court erred in denying the petition based on an arbitrary mailing deadline.

Next, the district denied the petition as procedurally time-barred pursuant to NRS 34.726(1) because it was filed more than one year after March 15, 2016, and because it was a second or successive petition. However, the record reveals that the date cited by the district court related to a different judgment of conviction (Briggs' first domestic battery conviction) than the one challenged in the instant petition. *See Briggs v. Sullivan*, Docket No. 80514-COA, Order of Affirmance at 1 & n.1 (Sept. 28, 2020) (noting that Briggs' first judgment of conviction was entered on March 15, 2016). And Briggs had not filed any other petition challenging the judgment of conviction in this case. Therefore, we conclude that the district court erred in denying the petition on this basis.[2]

---

[1]It also appears that the district court may have interfered with the clerk's ministerial duty to file the petition when it intervened in the discussion about whether Briggs' petition could be filed.

[2]We note that the district court's attempt to enter its written decision in the misdemeanor appeal nunc pro tunc to the date it orally denied the appeal is of no effect with respect to commencement of the one-year deadline set forth in NRS 34.726. There are two triggers for that one-year period:

SUPREME COURT
OF
NEVADA

(O) 1947A

Finally, the district court denied the petition because Briggs had not signed the verification or served the attorney general. Because those defects are technical, the district court erred in denying the petition without affording Briggs an opportunity to cure them. *See Miles v. State*, 120 Nev. 383, 387, 91 P.3d 588, 590 (2004) (providing that as a general rule, technical defects—like an inadequate verification or inadequate service— are not jurisdictional and therefore may be cured).

It further appears that the district court did not resolve a threshold issue: whether Briggs was in custody when he filed his petition. Although Briggs acknowledged on the face of the petition that he was "not currently imprisoned," he nevertheless alleged that his liberty was restricted due to other provisions set forth in the judgment of conviction, including "a mandatory minimum of ten days in custody, community service, 52 weeks of domestic violence counseling and fees and fines." A petitioner must be in custody when the petition is filed. Nev. Const. art. 6, § 6 (setting forth custodial requirement for the district court's original jurisdiction over a writ of habeas corpus); NRS 34.724(1) (providing that a petition may be filed by a person "under sentence of . . . imprisonment"); *Jackson v. State*, 115 Nev. 21, 23, 973 P.2d 241, 242 (1999) (concluding that a habeas petition was not cognizable when the petitioner was not incarcerated pursuant to the challenged judgment of conviction when he filed the petition). *But see Martinez-Hernandez v. State*, 132 Nev. 623, 627, 380 P.3d 861, 861 (2016) (holding a habeas petition challenging a judgment

_____

the entry of a judgment of conviction or the formal resolution of an appeal. *See* NRS 34.726(1). The district court may not circumscribe a person's opportunity to file a timely petition by delaying entry of a written decision resolving a misdemeanor appeal and then declaring the delayed written decision to be nunc pro tunc to an earlier oral decision.

Supreme Court
OF
Nevada

(O) 1947A

3

of conviction, filed by a petitioner in custody, does not become moot if the petitioner completes serving the sentence during the pendency of the proceedings on the petition). Based on Briggs' statement on the face of the petition, it is not clear that he was in custody when he filed the petition. And while "[a] probationer and parolee remain under a sentence of imprisonment because of the suspended or unexpired prison term set forth in the judgment of conviction," *Coleman v. State*, 130 Nev. 190, 194, 321 P.3d 863, 866 (2014), it is not clear that the conditions Briggs mentioned would satisfy the custody requirement. Thus, on remand the district court should consider whether Briggs was in custody when he filed the petition.

For the reasons set forth above, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.[3]

_____, C.J.
Hardesty

_____, J.
Cadish

_____, Sr.J.
Gibbons

cc:    Hon. Kimberly A. Wanker, District Judge
The Law Office of Kristina Wildeveld & Associates
Attorney General/Carson City
Nye County District Attorney
Nye County Clerk

---

[3]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.